Nelson v. Becker.

## JOSEPH R. NELSON v. JOHN C. BECKER.

JUSTICE'S JUDGMENT; *Service of Summons; Jurisdiction.* A judgment of a justice of the peace rendered upon a service of summons made only two days prior to the rendering of such judgment, is not void, but only voidable, and must be held valid and binding in all cases until reversed, vacated or set aside by some direct proceeding instituted for that purpose.

Nelson v. Becker.

*Error from Butler District Court.*

ALL the facts of this case are set forth in the opinion. *Becker* had judgment at the February Term 1873 of the district court, and *Nelson* brings the case here on error.

*R. M. Ruggles*, for plaintiff in error.

*H. T. Sumner*, and *A. J. Miller*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The principal if not the only question involved in this case, is, whether a judgment of a justice of the peace rendered upon a service of summons made only two days prior to the time of rendering such judgment is to be deemed valid and binding, when attacked collaterally, or whether such a judgment must be deemed void in all cases. We think that such a judgment is never void, but only voidable, and must be held valid and binding in all cases until reversed, vacated, or set aside by some direct proceeding instituted for that purpose. It is not like a judgment rendered upon *no service*. The service was good, except that it was made only two days before the time set for trial, while it should have been at least three days before that time. (Gen. Stat., 777, Justices Act, § 12.) The service was merely *irregular;* it was not *no service,* or a *void* service. And a judgment rendered thereon was not void, but at most was only voidable. *Ballinger v. Tarbell,* 16 Iowa, 491; Freeman on Judgments, § 126. See also in this connection *Dutton v. Hobson,* 7 Kas., 196; *Armstrong v. Grant,* 7 Kas., 285; *Claypoole v. Houston,* 12 Kas., 324, 327; *Meisse v. McCoy's Adm'r,* 17 Ohio St., 225.

In the present case the facts are these: One C. W. Donaldson sued one Wm. Hoy, before a justice of the peace, and obtained an order of attachment. The summons and order of attachment were issued on October 14th 1872. Both were made returnable on October 25th. The order was served on

the same day that it was issued by levying the same on some corn standing in a field. The summons was served, as appears from the record, on October 25th, but from the brief of the defendant in error we suppose it was served October 23d. It probably however makes but little difference whether it was served on the 23d or 25th, as it was served and returned before the case was called for trial. The summons and the order of attachment were both returned on October 25th. The plaintiff appeared for trial, but the defendant did not appear. The justice then, upon the evidence of the plaintiff, rendered judgment for the plaintiff and against the defendant. The attached property was afterward sold at constable's sale to satisfy this judgment, and Nelson, the plaintiff in error in this case, defendant below, bought it. Nelson afterward took the corn away. Becker, the defendant in error (plaintiff below,) also claimed to own the corn. He claimed that he purchased it direct from the said Wm. Hoy, the judgment-debtor, before said suit was commenced against Hoy. He also claimed that he had possession and control of the ground on which said corn stood. He therefore commenced this action against Nelson for entering the premises and taking away said corn. It was shown on the trial of this case that Hoy did in fact at one time own the corn. He had a lease of the ground, and raised the corn, and was to pay one-half of the corn raised for the use of the premises. Nelson did not take away more than one-half of the corn. It was also shown on the trial that Becker, subsequent to the time when he claims to have purchased said corn from Hoy, admitted and stated to various witnesses, and at different times, that Hoy owned the corn. Nelson then offered to introduce a transcript of judgment, and the proceedings connected therewith, for the purpose of showing that he, Nelson, had obtained all the interest in said corn that Hoy ever had; but the court below excluded the evidence, and afterward, on the other evidence, rendered judgment in favor of Becker and against Nelson. We think the court below erred in excluding said evidence. It was competent and material, and

should have been received. The only ground for excluding it, seems from the brief of defendant in error, to have been said irregular service of summons, which we have already discussed.

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.