**DORIAN et al. v. DORIAN.**

No. 12058—Opinion Filed Jan. 22, 1924.

(Syllabus.)

1. **Process—Service by Publication—Sufficiency of Affidavit.**

An affidavit for service by publication which alleged that the defendant was a nonresident of the state of Oklahoma, was not within the state and could not be found within the state of Oklahoma, that the plaintiff could not with due diligence obtain personal service of summons upon the defendant within the state, is substantially in compliance with section 5613, Comp. Laws 1909.

2. **Divorce—Service by Publication—Sufficiency of Affidavit.**

A divorce decree rendered in a case in which service was obtained by publication will not be held void because the affidavit to obtain service was made on September 30th, and the suit was not filed until Oc-

tober 2nd, the affidavit being filed in the case on October 2nd.

3. **Same—Affidavit by Attorney as to Mailing Copy of Records.**

An attorney in a case may make the affidavit of mailing a copy of the notice and petition required by section 6174, Comp. Laws 1909, although not specifically authorized to do so by the statute.

4. **Same—Sufficiency of Affidavit.**

An affidavit of mailing which does not give the name of the place of residence of the defendant, but does state that the petition and a copy of the notice were mailed to the defendant at her place of residence, does not render the decree void, and if the notice and petition were mailed to the wrong address, the judgment would not be void, if the mailing was made in good faith and upon the best information obtainable.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Mary Dorian against Thomas Dorian and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

W. W. Sutton & M. C. Garber, for plaintiffs in error.

McKeever & Moore, for defendant in error.

COCHRAN, J. This defendant in error, as plaintiff below, instituted this action for the partition of certain lands situated in Garfield county, alleging that she and one Stephen Dorian were married in 1891, and that Stephen Dorian died August 8, 1917, leaving surviving him as his sole heirs the defendant in error, Mary Dorian, and the plaintiffs in error, who are brothers and sisters of Stephen Dorian. The defendants filed an answer admitting that Mary Dorian and Stephen Dorian were married in 1891, and that Stephen Dorian died intestate August 8, 1917, but alleging that, at the time of the death of Stephen Dorian, the said Mary Dorian was not the wife of Stephen Dorian, for the reason that Stephen Dorian had procured a decree of divorce from Mary Dorian on November 26, 1913. A copy of the decree of divorce was attached to the answer. The plaintiff filed a reply, alleging that the decree of divorce was void, because the same was entered in a case in which service was procured by publication and the service by publication was so defective as to render the judgment void. The defendants filed a motion for judgment on the pleadings, which was overruled, and defendants having elected to stand on the motion, judgment was rendered for the plaintiff. The defendants

appealed from the order overruling the motion for judgment on the pleadings.

The affidavit for service by publication in the divorce case alleged that Mary Dorian, the defendant, was a nonresident of the state of Oklahoma, that she was not within the state of Oklahoma, and could not be found within the state of Oklahoma, and that the plaintiff could not with due diligence obtain personal service of the summons on the defendant within the state of Oklahoma. Section 5613, Comp. Laws 1909, which is the controlling statute, provides:

"Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section."

The plaintiff contends that the allegation contained in the affidavit, to wit, that the plaintiff cannot with due diligence obtain personal service of summons upon the defendant within the state of Oklahoma, is not a compliance with the above provision of the statute, and is not equivalent to saying that the plaintiff with due diligence is unable to make service of the summons upon the defendant. We are of the opinion that the statement, taken with the other allegations in the affidavit, to wit, that the defendant was a nonresident of the state, and could not be found within the state, and was not at that time within the state of Oklahoma, substantially complies with the statutory provision. Ballew v. Young, 24 Okla. 182, 103 Pac. 623; Morgan v. Stevens, 101 Okla. —, 223 Pac. 365.

It is next contended that the affidavit is fatally defective because it contains the following statement:

"* * * And as affiant is informed and believes, resides in the city of Chicago, state of Illinois. * * *"

The defendant in error contends that the phrase just quoted, in connection with the other allegations of the affidavit, is such as to make the entire affidavit one on information and belief, and the case of Cordray v. Cordray, 19 Okla. 36, 91 Pac. 781, is relied on. The conclusion that the affidavit was insufficient in the Cordray Case was based on the insufficiency of other allegations of the affidavit, and it was not held that the allegation complained of would have been fatal if allegations similar to those in the instant case had been made. In the instant case

the allegations of the affidavit as to the nonresidence of the defendant, and that she was not at that time within the state, and that a service of summons could not be had upon her in the state, were positive statements of fact and were not upon information and belief.

It is next insisted that the affidavit in this case was insufficient because the same was made before the suit was filed in the district court. It appears that the affidavit was made on September 30th, and the suit was not filed until October 2nd, on which date the affidavit was filed in the case. The statute provides that the affidavit must be filed before service can be made by publication, and that was done in this case. There is nothing in the statute requiring the affidavit to be made after the suit has been filed. In Crombie v. Little (Minn.) 50 N. W. 823, the court said:

"Another objection to the affidavit is that it was void because entitled in a cause not yet commenced. There are undoubtedly decisions which go to this length but they are, in our judgment, devoid of reason, and based upon a frivolous technicality. We do not suppose there was ever an affidavit made in this state for a replevin, garnishment, attachment, or publication of a summons that was not thus entitled, although, strictly speaking, the action was not yet commenced when the affidavit was sworn to. Even at common law it was, at most, a mere irregularity which, in the language of the court in Clarke v. Cawthorne, 7 Term R. 321, 'does not interfere with the justice of the case,' A prosecution for perjury based on such an affidavit would lie. Bank v. Lumley, 28 How. Pr. 339."

In Gallum v. Weil (Wis.) 92 N. W. 1091, the court said:

"We find nothing in the case to which counsel refer, calling for a decision that such an affidavit, made one day before the application for an order for service by publication, is, as a matter of law, insufficient therefor."

It is our opinion that the service by publication was not void by reason of the affidavit having been made two days prior to the filing of the suit.

It is next insisted that the service by publication is void because the affidavit of mailing a copy of the publication notice together with a copy of the petition as provided by section 6174, Comp. Laws 1909, was made by the attorney for the plaintiff instead of the plaintiff. It is contended that the plaintiff must personally make the affidavit provided in this section of the statute. It is also contended that the affidavit is insufficient because

it states that the copy of the publication and petition were mailed to the defendant at her place of residence, without naming the place of residence. Section 6174, Comp-Laws 1909, requires that a copy of the publication notice and a copy of the petition should be mailed to the defendant at her place of residence, within three days after the first publication of the notice, but does not provide 'that the affidavit of mailing should be made by the plaintiff. In Tolbert v. State Bank, 30 Okla. 403, 121 Pac. 212, this court held that an affidavit to obtain service by publication might be made by an attorney for the party procuring the publication, and there is no reason why an affidavit of mailing should be held invalid because made by the attorney instead of the plaintiff. While the statute requires that the notice should be mailed to the defendant at her place of residence, the tact that the affidavit fails to specify the place to which it was mailed, but simply alleges that it was mailed to the place of residence of the defendant, or, the fact that the notice may have been mailed to an address which was not in fact the residence of the defendant, does not affect the jurisdiction of the court to enter a decree, if the mailing was made in good faith and upon the best information obtainable. Martin v. Pond, 30 Fed. 15. The petition contained no allegations of bad faith or fraud, and in the absence of such allegations it was insufficient to entitle the plaintiff to relief even though the notice of mailing was sent to the wrong address. It is our opinion that the pleadings did not contain sufficient allegations to show that the decree of divorce was void and subject to collateral attack, hence the motion for judgment on the pleadings should have been sustained.

The judgment of the trial court is reversed, and the cause remanded, with directions to enter judgment for the plaintiffs in error on the pleadings.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.