**BODINE et al. v. JOHNSON et al.**

No. 14192—Opinion Filed Jan. 29, 1924.

(Syllabus.)

1. Schools and School Districts—Bonds for "School Furniture" — Motor Trucks — Statute.

Under section 10282, Comp. Stat. 1921, which authorizes school districts to issue bonds for the purpose of purchasing school furniture, held, that the words "school furniture," as used in said statute, do not include motor trucks for the purpose of transporting pupils to and from school, and that the authority given by said statute to issue bonds for the purchasing of school furniture does not include the authority to issue bonds for the purpose of purchasing motor trucks.

2. Same—Effect of Amendatory Statute.

Section 1, ch. 231, Sess. Laws 1923, is an amendatory act extending the meaning of school furniture so as to embrace vehicles and power with which to move same (or motor trucks), and as such is a valid act as to all bonds issued subsequent to the taking effect of such act, but cannot be given such retroactive effect as to destroy rights which vested under section 10282, supra.

Error from District Court, Oklahoma County; Warren K. Snyder, Special Judge.

Injunction by P. A. Johnson and others against Tom Bodine and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

John R. Guyer, for plaintiffs in error.

Chastain, Harris & Young, for defendants in error.

HARRISON, J. This action involves the validity of a bond issue amounting to $5,000 issued by consolidated school district No. 1, of Oklahoma county. The case was begun in the district court to enjoin the school board from issuing said bonds, and was tried before the Hon. Warren K. Snyder, sitting as special judge, who granted a perpetual injunction against the issuance of said bonds, and is appealed to this court to reverse said injunction order.

There were a number of questions presented to the trial court, as, whether the election was called upon valid petitions, whether it was legally held, and whether the bonds received the requisite number of votes; but those questions are immaterial if the school board had no authority to issue bonds for the purpose for which they were sought to be issued, viz., the purchase of motor trucks for the purpose of transporting pupils to and from school.

The purported election was held and bonds in question sought to be issued under section 10282, Comp. Stat. 1921, the portion of which bearing upon the question involved is as follows:

"Any school district in this state may become indebted for the purpose of purchasing sites for school buildings, for purchasing school buildings, for erecting such buildings, for purchasing school furniture or for repairing any such school site or building, and may issue its bonds. * * *"

The bond issue was for the purpose of purchasing motor trucks for transporting pupils, and the portion of the foregoing statute relied upon as authority for such bonds is the two words "school furniture;" it is contended that authority for issuing bonds for the purpose of purchasing school furniture would constitute authority for purchasing motor trucks for transportation purposes. The condition, in effect, is that the words "school furniture" include motor trucks; that furniture and motor trucks mean one and the same thing.

We cannot sustain this contention. The initial statute upon the question was section 5823, Statutes of Oklahoma, 1893, which authorized the issuance of bonds for the purpose of erecting or purchasing school houses in any school district in the territory of Oklahoma, but gave no further authority than to issue bonds for the purchase or erection of school houses.

The 1893 Statutes were amended by section 1, art. 2, ch. 7, Sess. Laws 1895, to read:

"That for the purpose of purchasing one or more school sites, erecting, purchasing or paying for and furnishing one or more school houses in and for any school district in the territory of Oklahoma, the board of directors of the same shall have the power to issue the bonds. * * *"

Thus the original act of 1893, authorizing bonds for the purpose of purchasing or building school houses, was extended so as to authorize bonds for purchasing school sites and furnishing school houses.

In section 1, art. 2, ch. 36, Sess. Laws 1909, page 553, the authority of the school board was extended as follows:

"Any school district in this state may become indebted for the purpose of purchasing sites for school buildings, for purchasing school buildings, for erecting such buildings, for purchasing school furniture or for repairing any such school site or building, and may issue its bonds. * * *"

This act was brought forward and adopted without change in section 7835, Rev. Laws 1910, and was again brought forward and adopted without change in section 10,-282, Comp. Stat. 1921, supra.

Thus it is seen that the language of the statute (section 10282, supra) was adopted from section 1, supra, Sess. Laws 1909, long before such things as transportation trucks were manufactured or contemplated.

It cannot be said, then, that the words "school furniture", used by the Legislature of 1909, contemplated motor trucks for transportation purposes, which did not exist at the time.

Hence, in construing the term "furniture", or "school furniture," we should be guided by what the term was ordinarily understood to mean. In McGee v. Franklin Pub. Co. (Tex.) 39 S. W. 335-338, the court said:

"The term 'furniture,' as used in act of 1893, section 81, authorizing school trustees to buy furniture for school houses, embraces only such articles as are generally understood to be in general use in schoolhouses as a part of the furniture of the house as distinguished from appliances and appurtenances that may be used in instructing the scholars.

If the term "school furniture" could not be construed to include appliances and appurtenances such as globes, maps, charts, etc, used in instructing pupils, then it certainly could not be construed to include transportation motor trucks, which did not

exist at the time the language was originally adopted.

But it is contended that in section 1, ch. 231, Sess. Laws 1923, the words "school furniture", as used in section 10282, supra, were defined and construed to embrace vehicles and power with which to move said vehicles, and providing, further, that no election theretofore held for the purpose of voting bonds for the purchase of vehicles should be invalidated because of any other or different construction of such words.

It is contended by plaintiffs in error that in view of the definition given to the words "school furniture" by section 1, ch. 231, Sess. Laws 1923, supra, the words "school furniture," used in section 10282, Comp. Stat. 1921, supra, should also be made to include motor trucks.

This contention we cannot sustain. Courts are not bound by a definition of words or interpretation of acts of a former Legislature by a subsequent Legislature, which gives words an unusual ·or extraordinary meaning. A subsequent Legislature may amend the acts of a former Legislature and extend the rights given under the former act and may define or construe any word or provision in a former act, and it may then be effective and binding from the time the amendatory act takes effect, but a subsequent Legislature cannot define the words of a former act so as to give them a retroactive effect that will destroy rights then in litigation, which had vested under the former act.

The former act, viz.: section 10282, supra, vested certain rights in the taxpayers of a school district in question, viz., the right to have their property secure from taxation beyond the plain unambiguous language and terms of the law, and their property was exempt from taxation for any purpose beyond the plain ordinary meaning of the words and terms used in the statutes. Therefore an interpretation by a subsequent Legislature which has such retroactive effect as to destroy rights vested under a former statute cannot be sustained.

The subsequent act in question, viz., chapter 231, Sess. Laws 1923, as an amendatory act, is valid. The Legislature had the power to extend the rights given under section 10282, supra,· and to define certain words, or any words for that matter, used in the act as amended, and from the time the amendatory act became effective it would be valid.

Out of a realization of the condition with which the school district in question is confronted, we feel justified in suggesting that it would be far better for the district to hold a new election under the amendatory act for the specific purpose of voting bonds for the purpose of purchasing motor trucks than to prolong this litigation. At least, the court cannot give the term "school furniture" a meaning which was never intended by the Legislature of 1909.

For the reasons given, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and MASON, JJ., concur.