## BURNS v. PITTSBURG MORTGAGE INVESTMENT CO.

No. 14741—Opinion Filed April 22, 1924.

Rehearing Denied June 17, 1924.

Second Rehearing Denied Dec. 23, 1924.

**1. Process—Service by Publication—Sufficiency of Affidavit.**

An affidavit to secure service by publication, which recites that: "Affiant further states that the said defendants and each of them are nonresidents of the state of Oklahoma, and that none of said defendants are now, or have been since the commencement of this action within the confines of the state of Oklahoma, and the plaintiff cannot obtain service on said defendants or any of them for the reason that they are not within the confines of the state of Oklahoma," and which is otherwise sufficient, is not void by reason of the fact that it contains the further recital that the "last known postoffice address of the defendant is unknown, but possibly Tulsa, Oklahoma."

**2. Judgment—Validity—Defective Notice by Publication.**

A judgment rendered upon notice by publication which requires the defendant to answer at a time less than 41 days after the date of the first publication is irregular and may be set aside upon appeal or timely motion, but such judgment is not void upon its face, and is not subject to be vacated upon a motion filed more than three years after the rendition thereof under the provisions of section 817, Comp. Stat. 1921.

**3. Process—Notice by Publication—Sufficiency.**

Section 19, article 7, of the Constitution and section 862, Comp. Stat. 1921, providing that the style of all writs and processes shall be "The State of Oklahoma," have reference only to that character of writs and processes which under the common law run in the name of the King, and such provisions have no application to a notice by publication.

**4. Judgment—Validity—Defective Process on Codefendant.**

A judgment, valid as to one defendant, will not be set aside as to such defendant for the reason that no service, or insufficient service, has been had upon a codefendant.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; Arthur G. Sutton, Judge.

Action by Pittsburg Mortgage Investment Company, a Kansas corporation, against James J. Burns and John Doe, tenant. Judgment for plaintiff. From the overruling of a motion to vacate the judgment, defendant brings error. Affirmed.

W. J. Otjen, C. S. Gilkerson, and George W. Buckner, for plaintiff in error.

Arthur Leach and T. M. Robinson, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant, as they were designated in the trial court.

On the 7th day of August, 1917, the plaintiff recovered a judgment against the defendant James J. Burns by default, upon a promissory note and for the foreclosure of a mortgage securing the payment thereof, on certain land in Beckham county. On the 19th day of April, 1923, the defendant filed a motion in said cause to vacate the judgment, upon the grounds that the service, which was by publication, was void. The decree sought to be vacated contains the following finding as to service:

"And the court having examined the affidavit to obtain service by publication and notice of publication finds that the same are in all respects in accordance with the law and such service by publication is hereby approved by the court and said defendant is declared to be in default."

On the hearing of the motion, the entire judgment record was, by agreement, introduced in evidence, and the defendant offered to prove that the affidavit for publication was false, and that at the time the suit was instituted and until the judgment was rendered, he was a resident of the state of Oklahoma. The trial court rejected this evidence, and the defendant excepted. And from an inspection of the record the court found that the judgment was not void on its face, and overruled the motion.

The defendants have appealed to this court, and contend that the trial court erred in overruling said motion for the following reasons: (1) That the affidavit and showing made to obtain service by publication is insufficient; (2) that the notice is insufficient to give the court jurisdiction, for the reason that it fixed an answer day less than 41 days from the date of the first publication, and does not run in the name of the state of Oklahoma; (3) that said notice by publication is void because the defendant was a resident of the state of Oklahoma; (4) that the judgment was void because no service was had upon a codefendant.

The affidavit to obtain service by publication contains the following recital:

"Affiant further states that the said defendants and each of them are nonresidents

of the state of Oklahoma, and that none of said defendants are now, or have been since the commencement of this action within the confines of the state of Oklahoma, and the plaintiff cannot obtain service on said defendants or any of them for the reason that they are not within the confines of the state of Oklahoma."

This is sufficient under the rule laid down in Ballew v. Young, 24 Okla. 182, 103 Pac. 623, Morgan v. Stevens, 101 Okla. 16, 223 Pac, 365, and Dorian et al. v. Dorian, 101 Okla. 9, 222 Pac. 676. The fact that the affidavit stated that the last known postoffice address of the defendants was unknown, but possibly Tulsa, Okla., in no way contradicts the positive declaration that the defendants were nonresidents of the state of Oklahoma, and that service of summons could not be had upon them within the state, at the time the affidavit was made.

Under the second assignment, it is contended that the court originally obtained no jurisdiction over the defendant Burns, for the reason that the notice was published first on the 17th day of May, 1917, and last on the 31st day of May, 1917, and required the defendant to answer on or before the 26th day of June, 1917. This notice did not give the defendant 41 days in which to answer as required by the statute. In Southwestern Surety Company v. Dietrich, 68 Okla. 114, 172 Pac. 51, it is said:

"It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void but irregular, and unless attacked in a manner provided by law will be upheld. Freeman on Judgments, sec. 135; Black on Judgments, sec. 85; White v. Crow, etc., et al., 110 U. S. 183, 4 Sup. Ct. 71, 28 L. Ed. 113; Nelson v. Becker, 14 Kan. 509; Foster v. Markland Dodge & Moore, 37 Kan. 32, 14 Pac. 452."

In Cushing v. Cummings, 71 Okla. 138, 179 Pac. 762, it was contended that the foreclosure proceedings did not show that the notice was published for 41 days, and the court says:

"But were we to conclude otherwise, and by a strained construction of the words employed, say that the decree was rendered before the expiration of the forty-one days from the date of the first publication, it would not serve to render the decree void, although erroneous, and subject to reversal upon appeal, or to be set aside on motion."

"If the writ is made returnable too soon or does not give the defendant the required number of days notice the judgment will be erroneous, but not void." 23 Cyc. 694.

As said by this court in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681:

"There is a vast difference in the status of a judgment based upon no service of process and one based upon defects in the service of process. Defects in the service of process must be taken advantage of in direct proceedings, and furnish no ground for collateral attack on the judgment, especially where it appears that the court whose judgment is assailed decided that the service of process was sufficient. 19 Ency. Pl. & Pr. pp. 704-707, inclusive; 17 Ency. Pl. & Pr. p. 120; Stevermac Oil & Gas Co. v. Dittman, 245 U. S. 210, 38 Supp. Ct. 116, 62 L. Ed. 248."

"Where a statute confers general jurisdiction over a class of cases upon a particular tribunal, its decision upon the facts essential to the existence of jurisdiction in a particular case belonging to the class will be conclusive as against collateral attack. So when a notice which is defective, or the service of which is informal, has been adjudged sufficient, the judgment rendered thereunder will not be held void in a collateral proceeding. And in case of an insufficient service of notice, if the court decides the question of jurisdiction erroneously, the the judgment will be voidable, but binding until reversed on appeal. The determination of the question of the sufficiency of the affidavits presented to the court as proof of the service of a summons and failure of the defendant to answer is a judicial determination of the question of jurisdiction, and therefore binding until set aside or reversed." Black on Judgments (2d Ed.) vol. 1, 274.

It is further contended that the notice is void for the reason that it does not run in the name of the state of Oklahoma. Section 19, article 7, of the Constitution provides that: "The style of all writs and processes shall be 'The State of Oklahoma'." Section 862, Comp. Stat. 1921, provides: "The style of all process shall be 'The State of Oklahoma,'" etc. But manifestly process, as used in the Constitution and statute is in the restricted sense, and has reference only to that character of process which under the common law would run in the name of the King. 20 Ency. Pl. & Pr.; McKenna et ux. v. Cooper (Kan.) 101 Pac. 662.

The contention that the judgment is void for the reason that the defendant was a resident of the state is not available in this proceeding. It is to be noted that the motion was not filed until more than three years after the judgment was rendered. Under such circumstances the motion to vacate cannot be supported by evidence outside of the record. That is, the judgment was not void unless its invalidity appeared from the record. Pettis v. Johnston, 78 Okla. 277, 190

Pac. 681; Edwards v. Smith et al., 42 Okla. 544, 142 Pac. 302; E. R. Thomas Motor Car Co. v. Robb, 86 Okla. 266, 208 Pac. 783.

The contention that the judgment is void as to the defendant Burns for the reason that no service was had upon the other defendant is without merit. The defendant Burns was sued as the maker of the note and mortgage, and the codefendant as tenant. There is nothing in the record tending to show that the codefendant had any interest in the subject-matter of the action. Besides it is well settled that a judgment may be void as to one of the defendants and valid as to the other. 23 Cyc. 900. The affidavit as to mailing copies of a petition and published notice is attacked for the reason that such notice was only mailed to the defendant Burns, and that such petition and notice were not mailed to the codefendant; but this is of no importance in this proceeding. This motion in the nature of things only seeks relief in so far as the defendant Burns is concerned.

We have examined all of the contentions made by the defendant, and authorities cited in support thereof, and upon a full consideration of the entire record we are satisfied that the judgment and decree assailed is not void upon its face, and recommend that the order appealed from be affirmed.

By the Court: It is so ordered.