## NAIL et al. v. RYAN et al.

No. 15656—Opinion Filed Sept. 22, 1925.

Rehearing Denied Dec. 1, 1925.

(Syllabus.)

**1. Pleading — Petition—Sufficiency Against Joint General Demurrer.**

A joint general demurrer should be overruled if the petition states a cause of action against any of the parties joining in the demurrer.

**2. Vendor and Purchaser—Special Vendor's Lien for Purchase Price.**

One who sells real property has a special vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and incumbrancers in good faith without notice.

**3. Same—Judgment Sustained.**

Record examined, and held to support the judgment of the trial court.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Tom Ryan and Lola Ryan against Mattie Nail et al. From judgment in favor of the plaintiffs, the defendants bring error. Affirmed.

L. A. Wallace and D. E. Ashmore, for plaintiffs in error.

L. D. Williams and Hummer & Foster, for defendants in error.

MASON, J. On March 7, 1922, the defendants in error, Tom Ryan and Lola Ryan, purchased certain property in the city of Henryetta from Earl Goff, and as a part of the consideration executed and delivered to Goff their promissory note in the sum of $500, which was to be paid by deferred payments of $10 per month. Said note was not secured by mortgage on said premises.

Thereafter on March 22, 1922, Tom Ryan and Lola Ryan conveyed said premises to

plaintiff in error, Mattie Nail. A part of the consideration was paid in cash at the time of making the transfer. The purchaser also assumed a mortgage on said premises held by the Henryetta State Bank which she agreed to and subsequently did pay. The remainder of the consideration, being the sum of $500, was to be paid in deferred payments, and under the terms of the contract was to be paid directly to Earl Goff by the purchaser, Mattie Nail. No portion of the same was ever paid, although Goff made efforts to collect it. Mattie Nail subsequently deeded said property to J W. Page, and he in turn deeded it to Effie Ashmore, the wife of D. E. Ashmore. who acted as agent of the Ryans in the sale of said property to Mattie Nail.

Goff then filed suit and recovered a judgment against Tom Ryan and Lola Ryan in the sum of $500, together with interest, attorney's fees, and costs. No contention was made by Goff that he had a vendor's lien on said property. Execution was issued and later returned unsatisfied.

This action was then commenced in the district court of Okmulgee county by the defendants in error, Tom Ryan and Lola Ryan, against the plaintiffs in error, Mattie Nail, J. W. Page, and Effie Ashmore, wherein they sought to recover judgment for $500 against the defendant Mattie Nail and to establish and foreclose a vendor's lien against said property.

The defendants filed their joint general demurrer to the plaintiffs' petition on the grounds that the same did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants, which was overruled by the trial court.

The defendants Page and Ashmore filed general denials. The defendant Page also alleged that he had purchased said property from Mattie Nail, and that prior to filing of this action he had conveyed the same to the defendant Effie Ashmore, who also alleged in her separate answer that she was the present owner of said property. The defendant Mattie Nail entered her general appearance. but did not file answer.

The case was tried to the court, and at the close of the plaintiffs' evidence the defendants interposed a demurrer to the evidence, which was overruled by the court, to which the defendants excepted. No evidence was introduced by the defendants. The court rendered judgment for the plaintiffs and against the defendant Mattie Nail in the sum of $500, together with interest at six per cent.

from March 22, 1922, and established and foreclosed a vendor's lien of the plaintiffs against the property in controversy.

The motion of the defendants for a new trial was overruled, and they have duly perfected their appeal to this court.

For reversal the plaintiffs in error contend that the trial court erred in overruling their demurrer to the petition of the plaintiffs. The petition alleged, in substance, the facts which have heretofore been set out in this opinion, and in addition alleged that the defendant Mattie Nail failed, neglected, and refused to pay the said sum of $500 to Earl Goff or to the plaintiffs, and that said sum was due and owing from said defendant to the plaintiffs, Tom Ryan and Lola Ryan. The petition certainly stated a cause of action against the defendant Mattie Nail for a money judgment in favor of the plaintiffs. The trial court therefore properly overruled the general demurrer joined in by all the defendants. The rule is well established that a joint general demurrer should be overruled if the petition states a cause of action against any of the parties joining in the demurrer. Rogers Milling Co. v. Goff, Gamble & Wright Co., 46 Okla. 339, 148 Pac. 1029.

It is next urged that the trial court erred in failing and refusing to render judgment for the plaintiffs in error and in rendering judgment for the defendants in error. In support of such contentions counsel for plaintiffs in error in their brief state as follows:

"Our veiw of the law of this case is that plaintiffs, in order to establish their right to a vendor's lien against the property in litigation, must have alleged and proved that they had paid the purchase-money note originally given by them to their grantor and rely upon their equitable right to be subrogated to the rights and remedies of their grantor for the enforcement of a vendor's lien against the property. It is a general rule, sustained by the weight of authorities, that a mortgagor who has been compelled to pay the mortgage, after he has conveyed the property to one who assumed the payment thereof, is entitled to be subrogated to the rights of the mortgagee against his grantee."

This argument is based on the fact that the record does not disclose that the Ryans had ever paid the note, or judgment thereon, executed by them to Earl Goff as part of their consideration for said premises. We find no fault with the law as contended for by plaintiffs in error, but it is not applicable to the facts in the instant case. Plaintiffs' case was not based upon the vendor's

lien of Earl Goff and no contention is made that they are subrogated to his rights under his vendor's lien, but the case is based on the failure of the defendant Mattie Nail to pay a portion of her consideration to the plaintiffs in the purchase of said property from them.

Section 7427, C. O. S. 1921, provides:

"One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and incumbrancers, in good faith, without notice."

No contention is made in either the pleadings or the evidence that any of the defendants were purchasers in good faith, without notice.

The defendants argue that if the judgment herein is permitted to stand, they would be subject to be forced to pay Goff also, in order to protect their title against his vendor's lien. The failure of the defendant Mattie Nail to pay Goff in compliance with her contract with the Ryans is responsible for such situation. We, however, do not see any merit in such contention, as equity would afford them the proper relief in such case. This question, of course, is not before us at this time, but we call attention of counsel to the case of Fitzell v. Leaky, 14 Pac. 198, wherein the Supreme Court of California held:

"A vendor's lien on real property can be enforced only in a suit brought for that purpose, and is waived by taking a general judgment, which, if docketed, is a lien upon all the debtor's real property."

The record in the case at bar discloses that Earl Goff in his action on the note executed by Tom and Lola Ryan recovered a judgment against them and that no effort was made to enforce a vendor's lien against the property involved herein.

We have examined all the evidence herein, and find it sufficient to support the judgment in favor of the plaintiffs.

The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and BRANSON, HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 Cyc. p. 332. (2) 39 Cyc. pp. 1796. 1806, 1819. 1835. (2) 4 C. J. p. 1129, § 3122.