Alex ROBINSON, Plaintiff In Error,

v.

Ross L. ROCKETT et al., Defendants in Error.

No. 35446.

Supreme Court of Oklahoma.

Oct. 19, 1954.

714

Hulsey & Hulsey, W. J. Hulsey, Lena Hulsey, McAlester, for plaintiff in error.

Bob Perdue, Wilburton, for defendants in error.

BLACKBIRD, Justice.

Plaintiff in error, as plaintiff and owner of Lots Three (3) and Four (4), and the West Half of Lot Seven (7) of Block Eight (8), of the Townsite of Drum, Oklahoma, commenced this action October 6, 1950, against the defendants in error, as defendants, to quiet his title to said lots, to cancel a tax certificate deed issued to the defendant, Jay Townsend, by the defendant, Ross L. Rockett, former County Treasurer, and filed of record March 10, 1949, and for the sum of $500 in damages against both of said defendants and United States Fidelity and Guaranty Company, surety on the latter's official bond. The inclusion of the latter with the tax deed

purchaser in plaintiff's alleged causes of action for damages seems to have been upon the theory that in the acts attributed to him, the County Treasurer aided and abetted said purchaser in slandering plaintiff's title by the alleged void deed.

As ground for cancelling the tax deed and quieting his title against it, plaintiff alleged that his agent and tenant, Chester Martendale, attempted to redeem the property for him by payment of the delinquent taxes due on it before the issuance of the deed, but that the County Treasurer would not allow him to do so, and he alleged that the tax deed was void not only because of this, but because of certain alleged defects in the proceedings leading up to its issuance, notably the purported service of the notice of Townsend's application for the deed, which will hereinafter be more fully described.

After the overruling of a general demurrer filed on behalf of all of the defendants (except United States Fidelity and Guaranty Company) to plaintiff's petition, all of the defendants filed answers which in a general way denied plaintiff's allegations as to the invalidity of the tax deed and the proceedings leading up to its issuance, and denied that plaintiff was entitled to any of the relief he prayed for.

When the cause came on for trial, a jury was empanelled, but was excused upon the above-mentioned defendants' request for permission to re-present their demurrer. At the close of the argument on said demurrer, the Court apparently dictated into the record an order sustaining it as to plaintiff's alleged cause or causes of action for damages against the defendants, and dismissing said cause or causes. (The dictated order as reflected in the case-made states that this was done "upon request of the Plaintiff's Counsel" but said record reflects immediately thereafter an "exception" by said counsel and there is nothing in the briefs or anywhere else in the record concerning this apparent contradiction, so it is assumed that the quoted statement is error and was intended to refer to a request for a dismissal on behalf of defendants', rather than plaintiff's,

counsel. It is also noted that the dismissal of the action for damages was as to the defendants (generally) although no demurrer by the defendant, United States Fidelity and Guaranty Company, appears of record, notwithstanding the journal entry of judgment reads as if said defendant had been included in the demurrer filed by the other defendants. Hence no consideration will be given to the regularity or propriety of such dismissal as to that particular defendant who is not a party to this appeal.) Thereafter, the jury was never again recalled, and after a trial on plaintiff's alleged cause of action for the quieting of his title and cancellation of Townsend's tax deed, the court concluded that said defendant's tax deed was "good", and entered judgment quieting his title against plaintiff. From said judgment plaintiff has lodged the present appeal. Our continued reference to the parties will be by their trial court designations.

Of the several defects asserted by plaintiff to be fatal to the validity of the defendant Townsend's tax deed, the only ones we find necessary to consider are those involving service upon him of said defendant's notice of application for tax deed. According to the undisputed facts, plaintiff moved away from Oklahoma in the latter part of 1944, leaving the 2½ lots in question, together with the adjoining lots Five and Six, on which stood his house, occupied by his tenant, Chester Martendale. The clothes line, toilet, well and garden used by said occupants were on Lots 3, 4, and the west half of Lot 7. The defendant, Townsend, resided across two lots from this house. After issuance of the purported notice of the latter's application for the tax deed an ostensible attempt was made, according to the sheriff's return, dated December 29, 1948, (on the back thereof) to serve it upon plaintiff, said return describing the property as "vacant lots" and stating that no one was found living on them and that the server could not find the party named in said notice in said County. On the same day, one Kathleen Anderson, "as Agent" executed an affidavit (in substantially the same form as prescribed in Title 68 O.S. 1951 § 451) that Alex Robinson "owner of the Real Estate described in the * * *, notice, is a non-resident of the State of Oklahoma, and that the residence * * *. and place * * * of business of such owner * * * is not known to the holder of said tax certificate, and cannot be, ascertained by any means within the control of such holder of said tax sale certificate and that the holder of said tax sale certificate cannot with the exercise of reasonable diligence, make service upon such owner * * *, of said real estate, within the State of Oklahoma." The testimony of the tenant, Martendale, and his wife tended to show, without contradiction, that at all times material to the controversy they were using and "occupying" Lots 3 and 4 and the west half of Lot 7, along with the ones on which the dwelling house stood. There was no evidence of any effort ever having been made to serve the notice on either of them, and Mrs. Martendale's uncontradicted testimony was to the effect that no one ever made any inquiry as to the whereabouts of the owner, Robinson, but that "everyone" knew where he had gone and that he had left the property in their possession. The only reasonable inference to be drawn from the testimony is that the defendant, Townsend, knew or should have known "the residence or place of business of such owner (Robinson)" (Sec. 451, supra) or with the exercise of a minimum of effort or inquiry could have "ascertained" such information. We think it apparent from the wording of the statute that the legislature intended the same general principles to apply to such proceedings for service by publication that apply to such process generally in this State. See Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 456, 173 A.L.R. 1171. In Murphy v. Walkup, Okl., 258 P.2d 922, we held that where the evidence compelled the same kind of a conclusion as the one we have arrived at herein, and conclusively established that the affidavit for service by publication was false, the judgment based thereon was void. But we did not therein hold the judgment based

thereon, void on its face; and it must be observed that the affidavit involved herein, for all that appears on the face of the proceedings for the tax deed, seems to be regular and valid in all respects; and, assuming that the County's records showed the lots in question to be vacant, unimproved lots, what would there be about the record of these proceedings to show or import any irregularity in them? We think an answer to this question is furnished by the affidavit of non-mailing, which, other than the formal parts reads as follows:

"I, Kathleen Anderson, being duly sworn, deposes and says: that she is the Agent for Jay Townsend; that the residence or place of business of said Alex Robinson is unknown, and cannot be ascertained by any means within the control of the *affiant* and that *the said Kathleen Anderson* has therefore been unable to mail a copy of the notice herein and a copy of the publication notice to said Alex Robinson.

"Further affiant saith not." (Emphasis added.)

 It is clear from the express wording of Title 68, O.S.1951 § 451, that it contemplates that the affidavit for service by publication of the Notice of Application for Tax Deed shall be made either by "the holder of the tax certificate or his agent," but other than in the beginning of the paragraph describing it, the word "Agent" is not mentioned or repeated, and the statute speaks as if the facts stated in such affidavit must be set forth as within the knowledge of the holder of the tax certificate. It reads:

"* * * if it shall be made to further appear by the affidavit of the holder of the tax certificate * * * that the owner or owners of the real estate are nonresidents of the state, or that the residence or place of business of such owner or owners is not known *to the holder of such tax certificate,* and cannot be ascertained by any means within the control of such *holder of the tax certificate,* and that the *holder of such tax certificate* cannot by the ex-

ercise of reasonable diligence make service upon such owner within the state, then in such cases, service shall be made by publication * * *. All service and return shall be made in the same manner as that of summons in courts of record. * * *" (Emphasis added.)

There can be no question but that, if no affidavit of non-mailing had been made, Townsend's tax certificate deed would have been void on the face of the proceedings and subject to being set aside regardless of the one-year statute of limitations, 68 O.S. 1951 § 455. Smith v. Head, 192 Okl. 216, 134 P.2d 973; Cunningham v. Webber, 171 Okl. 211, 42 P.2d 244, and authorities therein cited. The question then is: Is the affidavit of non-mailing in the present case such as can be held to supply this necessary jurisdictional prerequisite or must it be regarded a nullity and, under the controlling statutes, the same as no affidavit at all? This Court, not unlike the appellate courts of other states has usually required strict compliance with statutes allowing persons to be divested of property or valuable property rights on the basis of process formulated as a substitute for personal service or actual notice. See Cordray v. Cordray, 19 Okl. 36, 91 P. 781; Locke v. Gilbert, 133 Okl. 93, 271 P. 247; Cashman v. Browning, 177 Okl. 446, 60 P.2d 619, and the discussion in Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016. The possibilities for abuses in upholding the jurisdiction of courts to render judgments in instances where there has been only a partial compliance are readily apparent. Walters v. Weaver, 204 Okl. 72, 226 P.2d 931. Thus among the few cited (of the many existing) examples, we held that a published notice for obtaining a certificate tax deed which attempted to designate the owner of the property by incorrect initials and surname only was, in the absence of actual notice to said owner inadequate; and we therein referred to the statute as if it contemplated no less than an affidavit as to the knowledge of the tax deed holder himself. Effort to find at least persuasive or analogous precedent in the decisions digested under our

statutes pertaining to service by publication in court actions is of little assistance except to show that even though there the affidavit of non-mailing may be made by his attorney, it should state that the defendant's "residence or place of business is unknown to the plaintiff and cannot be ascertained by any means within the control of the *plaintiff*." (Emphasis added.) Tit. 12 O.S.1951 § 172. In this connection, notice Tolbert v. State Bank, 30 Okl. 403, 121 P. 212, and Dorian v. Dorian, 101 Okl. 9, 222 P. 676. Examination of the footnotes to 72 C.J.S., Process, § 62c, reveals two Texas cases which are interesting to note in connection with the present question. One of them, Frick-Reid Supply Corp. v. Meers, Tex.Civ.App., 52 S.W.2d 115, 117, held against the contention of the insufficiency of an affidavit for citation made by appellees' attorney, that the residence of all of the defendants in the suit was unknown "to this affiant", upon consideration of the governing Texas Statute, Vernon's Ann.Civ. St. art. 2039, which provided such citation should issue where " 'a party to a suit, his agent or attorney, shall make oath * * * that any party defendant therein is a nonresident of the State * * * or that his residence is unknown *to affiant* * * *.' " (Emphasis added.) In the other case, the more recent one of Snell v. Knowles, Tex. Civ.App., 87 S.W.2d 871, 875, the same Court said, however:

"Though the statute only expressly provides that the residence of the defendant shall be 'unknown to affiant', it is thought that a plaintiff may not avoid the purpose and spirit of the statute by procuring his agent or attorney to make affidavit of his want of knowledge of the residence of the defendant, when such residence is known to the plaintiff. The plaintiff may not thus fraudulently procure constructive service. Liebhart v. Lawrence, 40 Utah 243, 120 P. 215."

This Court was faced with a similar situation in Tolbert v. State Bank, supra [30 Okl. 403, 121 P. 214]. There the Bank's attorney had executed the affidavit for service by publication, and according to the opinion therein:

"* * * at the time the attorney filed the affidavit alleging defendant to be a nonresident of this state, and while the notice was being published, the cashier and managing officer of plaintiff bank knew that defendant was not a nonresident and that she resided in Oklahoma City. * * *

"The plaintiff is a resident of Okfuskee county, and if its cashier and managing officer had been called upon to make the affidavit, he could not have truthfully made it, therefore he would not have made it. He knew where she was and that personal service could be had on her. The plaintiff bank knew what its cashier and managing officer knew."

There it was necessary for the court to do no more than hold the service voidable and subject to setting aside on motion to quash. The Court had already ruled therein that the affidavit's execution by the attorney was authorized and regular on the basis of Spaulding v. Polley, 28 Okl. 764, 115 P. 864, 865, but even in that cited case, the attorney's affidavit expressly negatived the ability of the "plaintiff" (rather than his attorney) " 'with due diligence to make service of summons upon said defendants.' " We think it is a deplorable situation when one party can deprive another of notice and the opportunity of protecting his property rights, by causing an agent to make an affidavit that he himself could not truthfully, or without perjury, make. It is inconceivable that the legislature in formulating and enacting Title 68 O.S.1951 § 451, supra, ever intended authorization for such an intolerable situation. If such were the case, the statute insofar as it concerned the property owner would be a sword rather than a shield. Perhaps our conclusion could not be so confidently asserted if its wording was similar to the Texas statute involved in the cases cited, supra, but as can plainly be seen, it is not. Rather, its express wording negates any such idea by referring repeatedly to the knowledge of "the holder of such tax certificate". And, we think this important feature of the section carries over and continues when, under the express authorization contained in the

latter part thereof, the statutes concerning "service * * * of summons in courts of record" are turned to for direction as to completion of the proceedings by the mailing of the notice or the execution of an affidavit in lieu thereof. It would neither be consistent nor would it further justice to require that the affidavit for service of the notice of application for tax deed negate the ability of the tax certificate holder to serve said notice upon the owner, and not also require that the affidavit of non-mailing also negate the ability of said holder to mail him copies of the notice and publication. In accord with the foregoing views, we therefore hold the affidavit of non-mailing in the present case wholly insufficient and fatally defective. This conclusion, coupled with the absence of any evidence that plaintiff had any actual notice or knowledge of the application, executed on behalf of Townsend, for the certificate tax deed, renders the latter's deed subject to cancellation, under the authorities cited, supra, even though this action was not commenced until more than one year after it was filed of record. It follows that the trial court erred in failing to so hold.

■ For the purpose of a new trial, it is necessary for us to also rule upon the court's alleged error in sustaining the demurrer of all defendants, except United States Fidelity and Guaranty Company, and dismissing plaintiff's alleged cause or causes of action for damages as to all of the defendants. As plaintiff's alleged causes of action, for which he sought damages against the defendants jointly or as a group, in the lump sum of $500 (without stating how much of this he claimed was due to the alleged culpable acts of the defendant, Rockett, former County Treasurer), included an alleged cause of action against Townsend for "depriving plaintiff of the rentals thereon for the past two years, tearing down, removing and replacing furnishings owned by plaintiff and situate on such real property * * *", which is clearly sustainable in this type of action, see Wilco v. Westerheide, supra, the sustaining of said joint demurrer was error, if done (which it apparently was) on the theory

that plaintiff's petition stated no cause for damages against any of the defendants. Nail v. Ryan, 113 Okl. 252, 241 P. 1094.

■ Defendants also contend that as the evidence indicates plaintiff may have sold the property involved he has no such interest as entitles him to maintain this action. In this, there is no merit. See Kingkade v. Plummer, 111 Okl. 197, 239 P. 628; Cressler v. Brown, 79 Okl. 170, 192 P. 417; 44 Am.Jur., Quieting Title, Sec. 53; Annotations, 97 A.L.R. 711.

■ Defendants contend that the judgment appealed from should be sustained because plaintiff failed to tender into court the amount of taxes, penalties, interest, etc., due Townsend (as a prerequisite to cancellation of his tax deed). It does not appear that such failure of tender in any way entered into the trial court's judgment, but upon the theory that said judgment should stand, if sustainable on any ground, we will deal with this contention. We assume that same is directed only to plaintiff's failure to follow up the written tender contained in his petition with actual payment of the money into court. It is to be remembered that the trial court held against plaintiff and refused to cancel Townsend's tax deed upon the apparent belief that said deed was valid. There is nothing in the record to show that plaintiff was ever directly called upon to make such payment into Court or that the question of such failure was ever raised or reached. However, since plaintiff was claiming several items of damages against Townsend as an offset against any such amount, and the amount of such offset was never reached or determined, we find no cause for reversal in defendants' contention. In this connection see the discussion in Wilcox v. Westerheide, supra.

In accord with the views expressed herein, the judgment of the trial court is reversed and remanded, with directions to said court to set same aside and grant plaintiff a new trial, at which the deed in question should be cancelled upon payment of any balance that may be established between the sums defendant, Townsend, has expended for taxes, etc., on the property, and the

amounts, if any, therein awarded plaintiff on his alleged causes of action against Townsend. Whether or not plaintiff obtains a trial on the merits of his alleged causes of action against the defendants, other than the one herein dealt with, (for cancellation of the deed and quieting of his title) will of course depend upon the joinder of the issues between them for that purpose, after vacation of the Court's previous order sustaining defendants' joint demurrer, which said vacation is hereby ordered.

JOHNSON, V. C. J., and DAVISON, ARNOLD and WILLIAMS, JJ., concur.

HALLEY, C. J., and CORN and O'NEAL, JJ., dissent.