## CALMAN v. KREIPKE.

No. 3429.   Opinion Filed March 17, 1914.

(139 Pac. 698.)

1.   PLEADING — Petition — General Demurrer.  In an action on account where the petition upon its face states facts sufficient to constitute a cause of action against the defendant, but certain exhibits attached thereto suggest a doubt as to whether the defendant, in making the purchase, acted in a representative capacity, or as an individual, a general demurrer thereto should be overruled.

2.   EVIDENCE—Parol Evidence of Intent.  In such circumstances parol evidence is competent for the purpose of showing the true intent of the parties.

3.   PRINCIPAL AND AGENT—Contracts—Liability of Agent.  Although an agent enters into a contract with the actual intention

or binding his principal only, if his wording of the same, or the circumstances of the case are such as to bind himself, he will be personally liable thereon, notwithstanding the fact that he may have incidentally disclosed the name of his principal.

(Syllabus by the Court.)

*Error from County Court, Canadian County;*
*W. A. Maurer, Judge.*

Action on account by Henry L. Calman against A. C. Kreipke. Demurrer to petition sustained, and plaintiff brings error. Reversed and remanded.

*W. M. Wallace,* for plaintiff in error.

*H. L. Fogg,* for defendant in error.

KANE, J.   This was an action upon an account, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.   The petition itself is in the usual form and contains all the averments necessary to state a cause of action.   Attached to the petition and made a part thereof are certain exhibits, marked "A", "B" and "C".   Exhibit "A", which seems to be the order for the material purchased, states upon its face that the material therein described was "sold to A. C. Kreipke Construction Company."   At the bottom of the order appears the following: "Signature of buyer, A. C. Kreipke." In the sworn verification attached to the account it is stated:

"That the annexed statement of account to A. C. Kreipke * * * is a copy of the books of original entry and is just, true and correct."

Exhibit "C" is a letter concerning the same account, signed by A. C. Kreipke and addressed to the plaintiff, which reads as follows: "You may forward my order given your Mr. Powell, on his last trip, to El Reno, Oklahoma."

The court below sustained a demurrer to this petition, and it is to review this action of the court below that this proceeding in error was commenced.

The theory upon which the demurrer was sustained is that it is shown by the exhibits attached to plaintiff's petition that the goods and merchandise over which this action arose was sold to

A. C. Kreipke Construction Company, and not to A. C. Kreipke individually; that, therefore, there can be no individual liability on the part of A. C. Kreipke. In our opinion, the petition states facts sufficient to resist a general demurrer. Indeed, there is no objection made to the petition itself, but it is contended that the exhibits thereto attached, which we are required to examine for the purpose of the demurrer (*Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865), disclose the infirmity complained of. It is true the exhibits may be said to be somewhat confusing, but construing them all in connection with the allegations of the petition, there is much more room for the inference that the defendant was acting for himself in his individual capacity than that he intended to act as agent for a disclosed principal. In such circumstances, when any doubt arises as to whether the defendant acted in a representative capacity, or as an individual, parol evidence is competent as between the original parties for the purpose of showing their true intent. *Cohee v. Turner & Wiggens,* 37 Okla. 778, 132 Pac. 1082. Moreover, although an agent enters into a contract with the actual intention of binding his principal only, if his wording of the same, or the circumstances of the case are such as to bind himself, he will be personally liable thereon, notwithstanding the fact that he may have incidentally disclosed the name of his principal. *McConnell v. Holderman,* 24 Okla. 129, 103 Pac. 593. As stated by Mr. Mechem in his work on Agency (section 554):

"There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible."

The judgment of the court below is therefore reversed, and the cause remanded, with instructions to proceed in conformity with this opinion.

All the Justices concur.