## SHAWACRE v. MORRIS.

No. 5665.   Opinion Filed November 2, 1915.

(152 Pac. 835.)

1. **APPEAL AND ERROR—Presentation—Instruction.** This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record, and the objection pointed out in the trial court by motion for new trial.

2. **APPEAL AND ERROR — Instructions — Objections — Waiver.** Where no objections or exceptions are taken to instructions given by the court at the trial, nor the giving of such instructions assigned as error in the motion for new trial, all objections to the law laid down therein will be waived, and counsel will be presumed to have consented to and adopted said instructions as the law of the case, and applicable to the facts as proven by the evidence.

(Syllabus by Robberts, C.)

*Error from District Court, Lincoln County;*
Chas. B. Wilson, Judge.

Action by Oscar Morris against George D. Shawacre. Judgment for plaintiff, and defendant brings error. Affirmed.

*Emery A. Foster,* for plaintiff in error.

*Rittenhouse & Rittenhouse,* for defendant in error.

Opinion by ROBBERTS, C.  This case was commenced in the district court of Lincoln county, and is an action to recover damages for the wrongful conversion of personal property, caused to be levied on by an execution issued by a justice of the peace, on a judgment in favor of plaintiff in error, and against the defendant in error.  The pertinent allegations of the petition are as follows:

"That the defendant, George D. Shawacre, had, previous to the 25th day of October, 1911, secured a judgment against this plaintiff, Oscar Morris, in the justice court of Ira Bean, in the town of Meeker, Lincoln county, Okla., for the sum of $22.60, and cost of suit.  And that thereafter, and on or about the 25th day of October, 1911, the said Ira Bean, at the instance of the said George D. Shawacre, issued execution in said action, and appointed W. H. Kinsey as special constable to levy said execution upon the two-thirds interest of this plaintiff, Oscar Morris, in and to a certain gasoline engine and saw.  Plaintiff further states that said property, so taken under execution and belonging to this plaintiff, was by law exempt from sale under execution.  Wherefore plaintiff prays judgment against the defendant in the sum of $850, with interest at 6 per cent. per annum from the date of judgment, together with $150 attorney's fees. and the cost of suit."

A demurrer to plaintiff's petition was filed, and overruled by the court, but no exceptions taken.  To the petition, the defendant answered as follows:

"Comes now the above-named George Shawacre, defendant, and for answer to plaintiff's amended and supplemental petition on file in the above-entitled cause denies each and every allegation therein contained, save and except what is hereinafter specifically admitted.

"Defendant admits that he had a valid subsisting judgment against Oscar Morris (plaintiff in this action)

in justice court, for the town of Meeker, Lincoln county, Okla., on and previous to October 25, 1911, and admits that execution was issued thereon on or about the said 25th day of October, 1911, by Ira Bean, justice of the peace; but defendant denies that said execution was issued at the instance of defendant, but defendant alleges that said execution was issued in accordance with and under the statutes of Oklahoma, in such case made and provided; that more than ten days had elapsed between the date of said judgment and the date of said execution.

"Defendant denies that said execution was levied and sale made at the instance or request of defendant, and alleges that the same was done only by authority of and in accordance with the statutes of Oklahoma.

"Defendant denies that he had possession of the property described in the plaintiff's amended petition at any time, and denies that he deprived plaintiff of same unlawfully or otherwise.

"Defendant denies that he deprived said plaintiff from the use of said property, and denies that he took the same, or converted the same to his own use, or at all; denies that demand was made upon him for said property after the alleged sale, or at all.

"Defendant denies all and singular the allegations of plaintiff's amended and supplemental petition, save what has been hereinbefore specifically admitted."

The case was tried to a jury, and verdict returned against the defendant for damages in the sum of $160, and exemplary damages in the sum of $100, amounting in the aggregate to the sum of $260. Defendant brings error.

While the assignments of error are not specifically and distinctly made, we gather from the argument in

the brief of plaintiff in error that he bases his grounds
for reversal upon the proposition that the property sold
was not exempt from execution for the reasons:    (1)
It was not within the general class of exempt property;
and (2) it was partnership property. The pertinent
questions of law involved in the case are included in the
following instructions, which were given by the court:

"(5)    One who takes the property of his judgment
debtor under a writ of execution, when the property so
taken is exempt from sale under execution by the laws
of the state in which said property is taken, and who
procures the same to be sold under said execution when
he has notice of the fact that said property is exempt
from such forced sale, and that the owner thereof claims
his right of exemption therefrom, and appropriates the
proceeds of such sale to the satisfaction of his judgment
against the property of the person whose property is so
taken, is guilty of the wrongful conversion of the prop-
erty of his judgment debtor, and is liable to such judg-
ment debtor for damages for such wrongful taking and
conversion.

"(6)    If you are satisfied from a preponderance of
the evidence in this case that the plaintiff, Oscar Morris,
was, at the time his property was sold at constable sale,
the head of a family and entitled to exemption under the
statute as such; and if you further find from a prepond-
erance of the evidence in this case that the gasoline
engine and saw described in his petition and testified
about in the trial of this cause were tools used by him
in his trade as a woodcutter, and that he did engage in
the trade of woodcutter as a means of livelihood; and
if you further find from a preponderance of such evi-
dence that the defendant, George D. Shawacre, caused
such property to be taken and sold under execution as
alleged in plaintiff's petition, and that he appropriated
the proceeds of said sale to the satisfaction of his judg-
ment against said plaintiff, and that prior to the time

that such property was sold by the special constable he had been notified by the plaintiff, Oscar Morris, that such property was property used by him in his trade as a woodcutter and that the same was exempt from execution, and that he claimed his right of exemption therefrom—your verdict should be for the plaintiff, and you should assess the amount of his recovery in accordance with the instruction hereafter given you. If, on the other hand, however, you do not find from a preponderance of the evidence that all of such facts are true, your verdict should be for the defendant.

"(7) If your verdict in this case is for the plaintiff, the measure by which you shall determine his damage is the value of his interest in the gasoline engine and saw at the time when the same was wrongfully taken and sold by the defendant, if you find the same was wrongfully taken and sold, together with interest thereon at the rate of 6 per cent. per annum from the date of said sale, and a fair compensation for time and money properly expended in pursuit of the property by plaintiff, but the plaintiff will not be permitted to recover an amount in excess of $25 on the last item of the measure of damages herein defined to you, if you find he sustained any such damage.

"(8) If you find the issue of fact in this case for the plaintiff, and if you further find from a preponderance of the evidence that the taking and conversion of the property complained of by the said defendant, George D. Shawacre, was not only wrongful, but that his wrongful act, if any, was actuated by motives of malice on his part toward the plaintiff herein, or by a deliberate motive on defendant's part to do the plaintiff an injury or wrong, you may, in addition to the amount which you find is sufficient to compensate the plaintiff for the value of the property taken from him and converted to the use of the defendant, with interest thereon and expenses of pursuing same, assess against the defendant, as a punishment for his malicious conduct, if you so find he

was guilty of malicious conduct, what is known as exemplary damages, and which cannot, in any event, exceed the sum of $500."

No exceptions were taken to these instructions, nor were they assigned as error in the motion for new trial, nor were they assigned or argued in the briefs as erroneous. Therefore, under the well-known rule of this court, all objections to the law laid down therein are waived, and by tacit consent of the parties the instructions are adopted as the law of the case. This rule is established, especially in *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391, in the following language:

"This court will not review an instruction given by the trial court, unless the same was excepted to at the time of the trial."

In *Everett v. Atkins,* 8 Okla. 184, 56 Pac. 1062, we find this language:

"It is contended by counsel for plaintiff in error that the court erred in instructions to the jury. We have carefully examined the record, and no objections or exceptions appear to have been taken by the plaintiff to any of the instructions at the time of the trial of said cause. This court will not review the instructions given by the district court to the jury, unless the instructions were duly excepted to at the time of the trial."

The latest expression of this court on this question is found in *Shuler v. Collins,* 40 Okla. 126, 136 Pac. 752, as follows:

"This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record and the objection pointed out in the trial court by motion for new trial.

"Where. a party is content to merely set out in his brief an instruction complained of, and states that he complains thereof as prejudicial error, without attempting to point out what parts of said instruction are erroneous, or wherein it does not correctly state the law, and without supporting his contention, either with argument or with the citation of authorities, such assignment of error will not be considered.

"Where a party tries his case upon one theory in the trial court, he will not be permitted in this court to change front and try to prevail upon another theory, not presented in the trial court."

Taking these instructions as the law of the case, we find the fifth instruction tells the jury that one who takes the property of his judgment debtor, which is exempt from execution, and procures the same to be sold under said execution, when he has notice of the fact that said property is exempt, and the owner claims the same is exempt, and said judgment creditor appropriates the proceeds of such sale to the satisfaction of his judgment, he is guilty of the wrongful conversion of the property of his judgment debtor, and is liable to such judgment debtor for damages for such wrongful conversion. The sixth instruction tells the jury that if they find, by a preponderance of the evidence, that the plaintiff, Oscar Morris, at the time his property was sold, was entitled to exemption under the statute, and that the gasoline engine and saw described in the plaintiff's petition were tools used by him in his trade as a woodcutter, and that he did engage in the trade of woodcutting as a means of livelihood, and that the defendant, Shawacre, caused such property to be taken and sold under execution, and appropriated the proceeds of sale to the satisfaction of his judgment against plaintiff, and that prior to the sale he had

been notified by Morris that such property was used by him in his trade as woodcutter, and that the same was exempt, and that he claimed his right of exemption, their verdict should be for the plaintiff. And in fixing the measure of damages, in the seventh instruction, the court directs the jury that if their verdict be for the plaintiff, the measure by which they shall determine his damages is the value of his interest in the gasoline engine and saw, at the time when the same were wrongfully taken, with interest from the date of sale, and a fair compensation for time and money properly expended; and in the eighth instruction the jury are told that if the defendant, in the wrongful taking of said property, was actuated by motives of malice towards the plaintiff, or by a deliberate motive on defendant's part to do the plaintiff an injury or wrong, they may, in addition to the amount which they find sufficient to compensate the plaintiff for the actual value of the property taken, assess against the defendant, as punishment for his malicious conduct, what is known as exemplary damages. These instructions tell the jury that if they find the facts in favor of the plaintiff as alleged in his petition, the defendant is liable for having caused the execution to issue, and that the engine and saw were within that class of property generally exempt from execution, if used by plaintiff in his trade as a woodcutter, and that his actual damages would be the value of the property at the time it was taken, with interest, and that if they find that defendant, in the taking of said property, was actuated by motives of malice towards the plaintiff, or a deliberate intention to injure or do him a wrong, their verdict should be for the plaintiff in accordance with such findings. It will be noticed that in the seventh instruction the court recognized the fact that the plaintiff

was not the sole owner of the property, and his interest in the property was alone involved, and was, under the facts related, exempt. The fact that these instructions were not objected to, nor excepted to, at the time of the trial, nor assigned as error in the motion for new trial, nor specifically assigned or argued in the brief as erroneous, under the authorities above cited, settles the law so far as it refers to this case, and relieves this court of the responsibility and duty of passing upon these questions.

Under these instructions given by the court, and adopted by counsel for plaintiff in error as the law of the case, the jury returned their verdict in favor of the defendant in error. This court cannot say that there was not sufficient evidence to sustain the verdict. No other questions of law were raised in the case. It is therefore apparent that the case should be affirmed.

By the Court: It is so ordered.