### BELL v. HARRINGTON et al.

No. 9724—Opinion Filed March 8, 1921.

(Syllabus.)

**Bills and Notes—Action on Note—Sufficiency of Petition.**

Record examined, and held, that the trial court erred in sustaining a general demurrer to plaintiff's petition.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by M. T. Bell against L. E. Harrington and others on promissory note. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Swan C. Burnette, for plaintiff in error.

A. J. Stevens, for defendants in error.

KANE, J. This was an action on a promissory note and to foreclose an instrument in writing given to secure the same, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. Upon the trial court sustaining a general demurrer to the plaintiff's petition the plaintiff elected to stand thereon and commenced this proceeding in error for the purpose of reviewing the action of the trial court. The demurrer was filed by all the defendants jointly upon the ground that the plaintiff's amended petition and the first and second causes of action alleged therein do not set forth facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. The demurrer was sustained upon the ground that the petition on its face discloses the fact that the note and contracts sued upon were executed for the purpose of stifling and chilling the bidding at a judicial sale. The parties agree that it is settled law that an agreement between parties affected by or interested in a judicial sale or the result thereof, which has for its purpose the chilling or stifling of bids at such sale, is void. So the only question for review is whether the allegations of the petition disclose a contract of this kind.

The instruments sued upon are (1) a straight promissory note, and (2) a brief written instrument which states that "the full intent and purpose of this contract is to secure the payment of said note." The petition alleges the execution of these instruments and that the note is due and wholly unpaid. Ordinarily this is sufficient to state a cause of action on instruments of this kind. It is true that, in addition to these allegations, the plaintiff has alleged in his petition many extraneous facts which, while they may be admissible in evidence under proper pleadings, are unnecessary to state a cause of action on these writings. We are quite sure that the petition states facts sufficient to constitute a cause of action against some of the defendants upon the promissory note and contract.

As the defendants filed a joint general demurrer, if the petition states facts sufficient to constitute a cause of action against any of them, the demurrer ought not to be sustained. The petition is long, unduly long, we think, and we do not deem it necessary to set it out at length. It is sufficient to say that in our judgment it states facts sufficient to constitute a cause of action upon the two writings.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.