## GOULD v. GRAY.

No. 14461—Opinion Filed Nov. 25, 1924.

### 1. Pleading—Petition—Sufficiency.

Upon consideration of a demurrer to a petition on the ground that it does not state facts sufficient to constitute a cause of action, and upon consideration of an objection to the taking of testimony for the same reason, the truth of the allegations of the petition are admitted, for the purposes of such consideration; and if, when taken as true, the allegations entitle the plaintiff to any relief, the demurrer and the objection to the introduction of evidence should be overruled.

### 2. Fraud—Sufficiency of Petition.

Where the plaintiff, in substance and effect, alleges that by reason of false and fraudulent representations made by the defendant, for the purpose of deceiving him to his injury, and which he, in good faith believed to be true, and which he acted upon and parted with his money and thereby sustained loss and damages, setting out the details of such representations, their falsity and the damage resulting, the plaintiff's petition states a cause of action for such damages, and is good as against general demurrer or an objection to the introduction of any evidence.

### 3. Trial—Demurrer to Evidence—When Overruled.

In the trial of a law case, where there is any competent evidence in the record reasonably tending to support the allegations of the pleading of the party offering the evidence, and which would reasonably tend to support a verdict and judgment in favor of such party, a demurrer to such evidence should be overruled.

(Syllabus by Shackelford, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Eugene S. Gray against H. H. Gould. Judgment for plaintiff. Defendant appeals. Affirmed.

Hayson & Lukenbill, for plaintiff in error.

Loyal J. Miller, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant below, and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff sued the defendant in the district court of Oklahoma county on two causes of action. He alleges in his first cause of action that he purchased of the defendant a certain certificate and made an investment in the Gould Investment Insurance Company, and received certificate No. 3550, of the face value of $2,383.34, for which he was to pay $11.95 per month and did pay that amount each month until he had paid $250.95; that he bought the investment certificate because of certain false and fraudulent representations made by the defendant, who was president of the company, in that the said defendant represented to the plaintiff that his company was in a sound, stable, and solvent financial condition, and was organized on a plan that would result in handsome dividends to investors, and that the plan made ample provisions for accident, sickness, and death benefits, and carried a permanent loan and cash surrender value, and that a certificate could be used to borrow money at five per cent. interest, and after one year would have a loan value of $1,000; that all of such representations were false, fraudulent, and untrue, made for the fraudulent purpose of deceiving the plaintiff and inducing plaintiff to make the investment; that plaintiff at the time believed the representations to be true, and so believing parted with his money, to his detriment and damage. The second cause of action is the same except as to the number of the investment certificate, which is No. 3551. The prayer is for the aggregate sum of $501.90 damages, with interest at six per cent. per annum on the installments paid.

The defendant filed a general demurrer, which was overruled; and thereafter answered by general and specific denial of all the allegations of the plaintiff's petition.

The cause was called for trial on the 6th of December, 1922, and tried to a jury. The defendant interposed an objection to the taking of testimony on behalf of the plaintiff for the reason that the petition did not state facts sufficient to constitute a cause

of action. The objection was overruled. The trial resulted in a verdict for the plaintiff in the sum of $250.95, with interest as prayed for, on each cause of action. It seems that as plaintiff paid the monthly installments a dividend of 70c per month was returned to him. Remittitur of the dividends was entered, interest calculated, and judgment rendered for plaintiff in the aggregate sum of $519.70 with interest at six per cent. per annum from the date of the judgment.

The defendant prosecutes appeal and presents his assignments of error under three subdivisions:

(1) The court erred in overruling defendant's demurrer to the plaintiff's petition.

(2) The court erred in overruling the defendant's objection to the introduction of any evidence by plaintiff.

(3) The court erred in overruling the defendant's demurrer to the plaintiff's evidence.

The first and second propositions go to the sufficiency of the petition. The third proposition raises the question of the sufficiency of the plaintiff's evidence to go to the jury.

As above stated, the plaintiff charges in his petition that the defendant, who was president of the investment insurance company, represented to him that the company was solvent; that it was organized on a plan that would result in handsome dividends to an investor, and made ample provisions for accident, sickness, and death benefits, and carried a permanent loan and cash surrender value; that a certificate could be used to borrow money at five per cent. and after a year the certificates would each have a loan value of $1,000: that all of such representations were knowingly false and fraudulent, and made for the purpose of deceiving the plaintiff to his injury; that plaintiff believed such representations to be true and acted upon them to the extent of investing $500 or more, all of which was a loss.

The demurrer to the petition and objection to the introduction of evidence had the effect of admitting, for the purpose of consideration of such plea and objection, that the representations were made, and that they were false and made for the purpose of deceiving plaintiff to his injury, and that such effect was produced. The demurrer had the effect of admitting the truth of the allegations in considering and passing upon the demurrer. It had the effect of admitting that defendant represented that his company was solvent when in truth it was not; that the plan of organization would afford investors handsome dividends, when in fact the plan was laid to rob the investor; that it provided a means to borrow money at five per cent. per annum when no such loans were in contemplation by the company; that the certificates would each have a loan value of $1,000 at the expiration of one year with an investment of less than $150 on each certificate, when it was never the plan nor intention to extend such loan value. We think that the petition sufficiently charged false and fraudulent representations amounting to actual fraud, and is sufficient to withstand general demurrer or an objection to the taking of testimony in support thereof.

The defendant presents the proposition that the plaintiff's evidence was insufficient to go to the jury, and the demurrer thereto should have been sustained. The rule is that if there is any competent evidence in the record to support the allegations of the petition, and which would support a verdict and judgment for the plaintiff, the defendant's demurrer to the plaintiff's evidence is not well taken and should be overruled.

The evidence on the part of the plaintiff tended to show that the defendant represented to him that his company, the Mutual Investment Company, afterwards changed to the Gould Investment Insurance Company, was a solvent, going concern, and the state law was behind the company; and appeared to demonstrate that a dividend per month would be paid on each of the certificates: that the company was worth from two to five million dollars; that if plaintiff would invest in the certificates of the company an arrangment could be made to take up his eight per cent. loan with the building and loan company and have the loan carried at five per cent. in the defendant's company; and after the plaintiff had bought two certificates the defendant promised that the company would take up plaintiff's loan for the purpose of inducing him to continue his monthly installments, but this was never done; that the defendant finally gave the plaintiff a written statement agreeing that if plaintiff should make all his payments for a year that the company would take up plaintiff's loan with the building and loan company. The statement was introduced in evidence. It was written upon the company stationery. At the head is a statement that the defendant is president; assets over two million dollars, and carries the statement: "Provide an income for old age." The statement is signed, the name of the company by the defendant as pres-

ident. That plaintiff was led by the defendant to believe that the company was all right and continued his monthly payments until he had paid in to the company $250.95 on each certificate; that at about that time the company went into the hands of a receiver, or a liquidating agent; that even after the receiver took the business over the defendant so misled the plaintiff that he, plaintiff, thought the receiver's force in the office were the defendant's bookkeepers; that plaintiff made a monthly payment on each certificate after the company had been taken over for liquidating purposes; that the certificates were of no value and the plaintiff had been defrauded out of $236.35 on each certificate; that the monthly payments amounted to $11.95 on each certificate, but plaintiff was paid each month a so-called dividend of 70c per month out of each payment. The defendant and his company divided the plaintiff's money on a basis of the defendant and his company taking $11.95 and giving back to the plaintiff 70c. The certificates themselves were introduced in evidence. They are too long to quote in the opinion. They each obligated the plaintiff to pay the company the sum of $2.383.34, principal and interest (but it is impossible to tell what part is principal and what part interest), to be paid in monthly installments of $11.95 through 200 months. The benefit to the purchaser is stated in part in this language:

"The purchaser of this certificate will receive a fixed, monthly dividend each and every month, for two hundred months, as shown by the coupons hereto attached, when same shall be matured, fully paid, and go to participating earnings as fixed by the board of directors."

To this certificate is attached ten coupons, as follows:

"This coupon will draw a fixed dividend of (7%) seven per cent. per month from the 20th day of August, 1919, until this certificate matures and goes to participating dividends.
"Certificate No. 3550, Coupon No. 1. $10.00."

The other nine are in the same language except the year, and the years designated are the odd years until 1931, and the last three are for the year 1936. There is an agreement to loan the purchaser enough money to pay off installments coming due in case of sickness for a month or more, or in case of death will loan enough money to pay the installments. And, also in case of death of the purchaser the company will pay the purchaser's wife $50 per month until the "said certificate goes to participating dividends." The certificate stands good for all indebtedness owing by the purchaser. Several conditions are appended to these certificates such as "emergency fund," "sick benefit," "death benefits," etc., all couched in such language and with such vague and uncertain reference to by-laws that it is well nigh if not quite impossible to tell what is intended. Finally there is certain "surrender privileges" granted in this wise: If the purchaser shall have paid all installments for 30 months, or, in this case the sum of $337.50. on each certificate, and is unable to go further with the payments, the company will permit the purchaser to surrender the certificate to the company and the evidences of unpaid installments will be surrendered to him. and the company will also issue to him a paid up certificate equal to the amount of coupons "that have been drawing dividends for the number of months stated above" that is, for 30 months, or a certificate for approximately $12. There seems to be no cash surrender privilege. That plaintiff was unable to tell what the certificate meant and relied upon Mr. Gould and his explanation of the provisions. Plaintiff himself doubted if any person other than Mr. Gould could tell what the certificate means. After reading it we are impressed with the same opinion concerning it. It was shown that defendant represented that if plaintiff would carry his certificates for a year they would have a loan value sufficient to pay off the building and loan mortgage on his home and also pay off the second mortgage. It appears that after carrying the certificates for 21 months they were worthless and of no value whatever.

It seems that there is ample in the testimony in support of the allegations of the petition. to take the case to the jury. We are impressed that when the certificates were put in evidence and testimony introduced tending to show that defendant had induced plaintiff to buy them, that the fact of fraud would necessarily be inferred. In any event, there was enough in plaintiff's evidence to support the allegations of fraud contained in the petition, and sufficient to support a verdict and judgment for the plaintiff. The court did not err in overruling defendant's demurrer to plaintiff's evidence.

We have examined the defendant's own testimony. He denies having ever talked with plaintiff until long after the certificates were bought. This conflict in the evidence was for the jury. The defendant testified, in effect, that the obligation of the purchaser of one of these certificates became an asset in the hands of the company, but no liability was created on the part of

the company by issuing a certificate. When we read the certificate introduced in evidence, we are impressed with the truthfulness of this part of defendant's testimony.

We think the jurors were warranted in their conclusion that the defendant had perpetrated a gross fraud upon the plaintiff and had swindled him out of his money. The matters complained of do not constitute error.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.