## PEPIN v. W. R. THOMPSON & SONS LBR. CO.

No. 19829.   Opinion Filed Dec. 16, 1930.

Rehearing Denied July 28, 1931.

McKeever, Moore & Elam, for plaintiff in error.

Harry O. Glasser, for defendant in error.

LEACH, C. W. R. Thompson & Sons Lumber Company, a, copartnersh'ip, commenced this action on July 16, 1927, in the district court of Garfield county, against Charles Pepin, to recover $128.30 alleged to be due for paint and other materials sold and furnished the defendant under contract with his duly authorized agent, Paul Diven, and to foreclose a mechanic's lien covering said sum.

A general demurrer was interposed to the plaintiff's petition which was overruled, and the defendant then filed a verified answer generally denying plaintiff's allegations, admitting, however, that he owned the real estate described in plaintiff's petition, the same being located in the city of Enid, and further alleged in his answer that he orally contracted with Paul Diven to furnish the material and labor necessary in decorating and painting the buildings involved, for which labor and material the defendant was to pay and did pay the said Diven·the sum of $375, and further specifically denied that the said Diven was his agent in the purchase of the materials as alleged by plaintiff.

Upon trial of the cause judgment was entered in favor of the plaintiff for the amount prayed for and for foreclosure of lien, and the defendant brings this appeal.

One of the alleged errors presented and argued as ground for reversal of the judgment is the action of the trial court in overruling defendant's general demurrer to plaintiff's petition. In support thereof the appellant asserts that there is a conflict between the allegations of plaintiff's petition and the exhibit or lien statement attached thereto, in that the lien statement shows the plaintiff sold and charged the materials to Paul B. Diven individually, and not as an agent, and he contends that the exhibit or lien statement controls.

The affidavit incorporated in the lien statement referred to in the petition states that the claimant, Thompson, files a claim against the certain described building and property involved for the sum of $128.30, being a debt contracted for material furnished by the claimant for the erection and construction of said building. "Of which Charles Pepin is the owner, or reputed owner, and Paul B. Diven is the painter at whose instance and request said materials were furnished, and for which claimant claimed a lien on said building."

The itemized statement of the articles furnished attached to the affidavit shows at the top or heading thereof the name "Paul B. Diven—Chas. Pepin House, 901 W. York."

Section 7462, C. O. S. 1921, in referring to a lien of the character here involved, provides, in part:

"Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owner, the contractor, the claimant, and a description of the property subject to the lien, verified by affidavit."

The lien statement is somewhat ambiguous on the question of who purchased the materials, and might be said to raise some doubt as to whether Diven, the painter, referred to in the verification, purchased the material individually or as agent of the owner; however, the pleadings must be liberally construed in favor of the pleader, and we do not think the exhibit clearly contradicts the specific allegations of the petition wherein it alleges that the materials were sold to Pepin through his duly authorized agent, Diven.

"In an action on account where the petition upon its face states facts sufficient to constitute a cause of action against the defendant, but certain exhibits attached thereto suggest a doubt as to whether the defendant, in making the purchase, acted in a representative capacity, or as an individual, a general demurrer thereto should be overruled." Calman v. Kreipke, 40 Okla. 516, 139 Pac. 698.

Even had the materials been charged on the books of the plaintiff to, or in the name of the agent, such fact would not be conclusive evidence as to the actual debtor.

"The fact that goods and labor were charged on the books of the vendor to the party to whom it was delivered is competent evidence as tending to show that the sale was made to such party, and upon his credit. However, such fact is not conclusive evidence, and is open to explanation." Snodgrass v. Lamunyon, 94 Okla. 151, 221 Pac. 46.

We are of the opinion that there was not such a conflict between the exhibit and the other allegations of the petition as to render the petition subject to a demurrer, and we find no error in the action of the court in overruling the demurrer.

Plaintiff in error contends that the trial court committed reversible error in the admission of certain testimony of the witness Shaw, who did some painting on the buildings. The witness stated, in part and in

substance, that he understood a Mr. Parsons had the contract to do the painting, but that he, witness, learned or understood later that the building was on a percentage basis, and that the contractor could only hire subject to Mr. Pepin's approval. We fail to see wherein the answer or statement of the witness referred to in the brief was so objectionable or material as to require a reversal of the cause, even if it was technically inadmissible. The case was tried to the court, and we have considered the statement of the judge which it is said shows that he gave weight to the evidence complained of, and conclude that very little, if any, reliance or weight was given upon such testimony; at any rate, we find no value in the same. We find no reversible error in the admission of the testimony complained of.

Plaintiff in error next contends that the court erred in excluding from the evidence a certain judgment in the case of Holtzen v. Pepin et al., which action involved a claim or lien for materials furnished on the same building as is involved in this case, and in which action a different trial judge upheld the contentions of the defendant in a cross-action therein between the defendant and Diven, the painter. The plaintiff in the present action was not a party to that action, and its claim was not affected, nor was it bound by any decision in that case. No authorities are cited by the plaintiff in error in support of his contention that the court erred in excluding the judgment in the case referred to, and it is not pointed out by what rule it was entitled to have been admitted, and we find none. We are unable to see any error in the action of the trial court in excluding the same.

The next proposition presented as a ground for reversal is that the court erred in overruling defendant's motion for a new trial. Under this assignment plaintiff in error contends that the trial court should have sustained defendant's demurrer to plaintiff's evidence because the plaintiff below failed to introduce in evidence the mechanic's lien statement sued on, and that therefore there was no evidence to support or warrant the judgment foreclosing the lien. The record shows that the mechanic's lien statement was handed to the reporter and marked as plaintiff's exhibit "A," but the record does not show it to have been formally introduced in evidence although plaintiff's witness testified concerning the items furnished and value or cost thereof as referred to in the lien statement, and the exhibit appears in the case-made. The local manager for the plaintiff below was handed the lien state-

ment and testified, in part, concerning the same:

"Q. Now, Mr. Coleman, I hand you this piece of paper which the stenographer has marked the 'Plaintiff's Exhibit A,' and I will ask you to examine it, and after having done so, you may state to the court what it is, if you know. (Here counsel for the plaintiff hands to the witness the paper which has been by the reporter marked the 'Plaintiff's Exhibit A,' and the witness examined the same.) A. Those are the items of paint furnished for this job. Q. In whose handwriting are those items? A. They are in my own. Q. When did you make that statement of this job? A. It was on June 1, 1927, that this particular statement was made. Q. Now, you may just tell the court from what source the information contained in this statement which you have identified, 'Plaintiff's Exhibit A', was obtained. A. As the materials were charged out, they were charged on the daily sales tickets, and when the statement was made, we copied from the sales tickets to this statement. Q. All of this work was done by you, was it? A. Yes, sir; it was. Q. Will you refer to the dates of this statement and tell the court the date, as shown by the statement, of the first material that is charged, and that was furnished? A. The first material was charged on January 31, 1927. Q. And what was the date on which the last material was furnished? A. That was on April 26th. Q. And in what year? A. In the year 1927. Q. What was the first date? A. The first date was January 31, 1927. Q. What was the date on which the last material was furnished? A. The last date was April 26, 1927. Q. Now, Mr. Coleman, what credits, if any, are shown on this statement in these charges for material? A. There is a credit for twelve empty one-gallon cans, of a total of 60c and for one-half gallon Mellotone of $1.60. Q. What other items, if any? A. That is all the credits. Q. What was the total amount of the charges? A. The total is $130.50. Q. What is the total amount of credits? A. The amount of credits is $2.20. Q. Leaving a balance of what amount? A. There is a balance of $128.30. Q. Has there been any part of that $128.30 ever paid? A. No. Q. By any person? A. No. Q. Did the W. R. Thompson & Sons Lumber Company, the plaintiff in this case, deliver material of that value as is charged in this statement? A. Yes, sir, it did."

The local manager of plaintiff company identified certain sales tickets which were marked "Plaintiff's Exhibit B," but were not formally introduced in evidence, and testified that the signatures on the sales tickets were those of the alleged agent and another party working on the building. The alleged agent and the other party were called as witnesses and testified that they received the materials designated in the sales tickets,

and that the materials were actually used on the Pepin job.

We think it clearly apparent from the record that the plaintiff introduced sufficient evidence to establish that it furnished material that went into the defendant's building to the amount and value as alleged in its petition, and the action to recover therefor was commenced in the proper court within the period of time authorized by statute for filing liens for such material.

It has been held by this court that even where the plaintiff filed no lien statement whatsoever, or where a defective lien statement had been filed and an action was commenced within the period of time authorized for filing of the lien, such action would be tantamount to the filing of a lien, and plaintiff would be entitled to recover a judgment for the materials and for foreclosure of a lien for the amount established. Sutherland Lumber Co. v. Gale, 136 Okla. 233, 277 Pac. 242; Wass v. Vickery, 137 Okla. 52, 278 Pac. 336.

In an action of the character here involved, where the plaintiff commences an action against the property owner within the statutory period provided for filing liens for materials furnished, and has the lien statement sued on marked as an exhibit in the trial of the cause, and shows by sufficient evidence that the materials were furnished and the value thereof as alleged, the mere failure to formally introduce in evidence the alleged lien statement filed is not such an irregularity or want of evidence sufficient to justify the court in sustaining a demurrer to plaintiff's evidence on that ground. We find no error in the ruling. of the trial court thereon.

It is further contended, however, that there was no evidence establishing plaintiff's allegation that Paul B. Diven was agent of the defendant below, the property owner, and authorized to purchase the materials alleged in plaintiff's petition, and that plaintiff's evidence was insufficient under the holding in Holmes v. Dolese Bros. Co., 117 Okla. 298, 246 Pac. 372. On this question we deem it sufficient to say, without incorporating herein the evidence or the substance thereof, that there was introduced on behalf of plaintiff and defendant sufficient evidence to make an issue on the question of agency as alleged and denied in the pleadings.

"It is the settled rule that the question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined either by the jury

or the court as a trier of fact." Catlin v. Reed, 141 Okla. 14, 283 Pac. 549.

The trial court found in favor of the plaintiff on such issue, and we are of the opinion that there is evidence reasonably tending to support the same. We have read and considered the testimony and evidence as a whole, and are unable to say the finding and judgment of the trial court thereon is against the clear weight of the evidence.

We find no reversible error in the record, and the judgment of the district court is affirmed.

BENNETT, TEEHEE, REID, EAGLETON, and HERR, Commissioners, concur.

CULLISON, J., disqualified and not participating.

By the Court: It is so ordered.