## BAILEY v. MAGNOLIA PETROLEUM CO. et al.

No. 21495. Opinion Filed Feb. 21, 1933.

H. B. Lockett, for plaintiff in error.

Blakeney & Ambrister, Womack, Brown & Cund, and Sandlin & Winans, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Stephens county in favor of the plaintiff, C. R. Bailey, against the defendants, Magnolia

Petroleum Company, Empire Gas & Fuel Company, Lone Star Gas Company, Skelly Oil Company, and Westheimer & Daube, a partnership composed of Max Westheimer and Sam Daube. The parties appear here as they appeared in the trial court and will be referred to as plaintiff and defendants.

This action was brought for the recovery of a money judgment for damages to real property alleged to have been caused by waste oil and salt water escaping from the property of the defendants and entering, flowing down, and overflowing from Dry creek, reaching the plaintiff's property and causing the loss of pecan trees. The plaintiff prayed for a money judgment for actual damages in the sum of $20,000 and for exemplary damages in the sum of $5,000. The defendants in their answer denied liability. The cause was tried to a jury and the jury returned a verdict in the sum of $250 in favor of the plaintiff for actual damages and nothing for exemplary damages. The trial court rendered judgment in conformity with the verdict, and from that judgment the plaintiff appeals.

The plaintiff contends that the verdict of the jury was for an insufficient amount. The evidence was conflicting as to the number of trees on the property of the plaintiff that had died, it was conflicting as to the cause of the death of the trees, and it was conflicting as to the value of the trees. The death of some of the trees may have been caused by the deleterious substances coming from the property of the defendants, and the death of some of the trees may have been caused by other things shown by the record, such as bores, alkali spots, dirt being banked around the trees, etc. The jury heard the evidence and returned its verdict. We cannot say that that verdict is not supported by some competent evidence.

The plaintiff contends that the trial court erred in excluding certain photographs offered in evidence. We find no prejudicial error therein.

The plaintiff contends that the trial court erred in refusing to permit him to show that the property of the defendants had been prepared for inspection by the jury. The plaintiff made no objection to the court permitting the jury to view the property. When an objection was sustained to the question asked on behalf of the plaintiff, the plaintiff made no offer of evidence which he desired to introduce. Under the state of the record, there is no error shown. Allan v. Terrell, 126 Okla. 251, 259 P. 268.

The plaintiff contends that the trial court erred in giving certain instructions to the jury. Some of the instructions complained of were given without any exception thereto by the plaintiff. As to them the record presents nothing for review. Scott v. Scott, 129 Okla. 176, 264 P. 159. While the other instructions complained of were excepted to by the plaintiff, the objection thereto was not pointed out in the motion for new trial, other than as follows: "The court erred in charges given to the jury." The motion for new trial gave the court no information as to the particular instructions objected to or as to the objectionable features. Such an objection in a motion for new trial to an instruction or a number of instructions is too general for the trial court to draw any conclusion as to what the objection was to any particular instruction. In Shuler v. Collins, 40 Okla. 126, 136 P. 752, this court held:

"This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record, and the objection pointed out in the trial court by motion for new trial."

That rule was followed by this court in Baker v. Tate, 41 Okla. 353, 138 P. 171, Showacre v. Morris, 52 Okla. 142, 152 P. 835, and is the well established rule in this state.

We find no error in the judgment of the trial court, and it is in all things affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.