### GILBERT v. WELCHEL et al.

No. 21510. Opinion Filed Feb. 28, 1933.

134

Watts & Broaddus, for plaintiff in error.

Frank Ertell and W. O. Rittenhouse, for defendants in error.

WELCH, J. This is an appeal from the judgment of the district court of Wagoner county, Okla., in a cause wherein R. L. Welchel and Ida M. Welchel sued Frank Gilbert upon an alleged promise of the said Frank Gilbert to pay plaintiffs $25 per month for board, care and attention furnished by said plaintiffs to one Nancy Gilbert, who was the mother of the said defendant, Frank Gilbert, and also the mother of one of the plaintiffs, Ida M. Welchel. The suit was originally brought against Frank Gilbert and Nancy Gilbert seeking a joint judgment. These defendants filed a joint general demurrer to plaintiffs' petition, attacking same upon the grounds that said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants. This demurrer was overruled and exceptions saved. Subsequent to the overruling of the demurrer, the defendant Nancy Gilbert died and the cause was revived in the name of her administrator. At the beginning of the trial the plaintiffs dismissed their cause without prejudice against the administrator of the estate of Nancy Gilbert. The defendant Frank Gilbert then objected to the introduction of any evidence for the reason that the petition is insufficient to authorize any recovery under any theory, which was also overruled by the court and exceptions saved.

The cause was tried to a jury, resulting in a verdict generally in favor of plaintiffs, R. L. Welchel and Ida M. Welchel, and against the defendant, Frank Gilbert. Upon the verdict the court rendered judgment in favor of plaintiffs and against the defendant in the sum of $825, with interest and costs.

From this judgment Frank Gilbert has appealed to this court, and for reversal thereof urges that the trial court committed error in overruling his general demurrer to plaintiffs' petition.

The petition thus attacked is as follows:

"Come now R. L. Welchel and Ida May Welchel and for their cause of action against the defendants Frank Gilbert and Nancy Gilbert, allege and state:

"That the plaintiffs furnished board, room, clothing, care, and medical attention for the defendant Nancy Gilbert, commencing in the month of May, 1921, and such defendant received and accepted such board, clothing, care, and medical attention at the plaintiffs' home during the times herein stated; that the defendant Frank Gilbert paid for such services and expenditures by the plaintiffs to the 1st day of March, 1922, at the rate of $25 per month; that from such 1st day of March, 1922, the plaintiffs furnished such Nancy Gilbert with said provisions and attentions to the 12th day of June, 1924; that from the 12th day of June, 1924, to the 19th day of July, 1924, such Nancy Gilbert was absent from the plaintiffs' home and nothing was furnished to her during such period of time; that on the 19th day of July, 1924, such Nancy Gilbert returned to the plaintiffs' home and remained there to the 5th day of January, 1925, and the plaintiffs furnished to her provisions and attentions as above stated; that the plaintiffs have received no payment for the boarding, clothing, care, and medical attention during all said period of time excepting as paid by Frank Gilbert as above set out; that such services, provisions, and attentions were rendered and which are paid for are for a time totaling 33 months, and the plaintiffs show that said attention, provisions, and care are reasonably worth the sum of $25 per month, and that the defendant Nancy Gilbert is indebted to the plaintiffs in the sum of $825.

"These plaintiffs show that during all of the times mentioned hereinbefore the said Nancy Gilbert was old and incapacitated and that the defendant Frank Gilbert transacted the business of such Nancy Gilbert and handled her property and money, and that he had and now has large sums of money collected as income and rents from the property of the said Nancy Gilbert; that having such property, funds and money belonging to Nancy Gilbert, the defendant Frank Gilbert paid to the plaintiffs the sums hereinbefore mentioned as paid by him and agreed to pay to the plaintiffs at the same rate, viz., the sum of $25 per month, for the time for which the plaintiff should furnish board, room, clothing, attention, and care to the said Nancy Gilbert; that such Frank Gilbert repeatedly agreed to pay such board and provisions during the times herein mentioned, and is therefore indebted to the plaintiffs therefor in the sum of $825.

"Wherefore, the plaintiffs pray judgment against the said defendants, and each of them, in the sum of $825, with interest from this date at 6 per cent. per annum until paid and for their costs."

In Nail v. Ryan, 113 Okla. 252, 241 P. 1094, this court held "a joint general demurrer should be overruled if the petition states a cause of action against any of the parties joining in the demurrer." This rule is also supported by Bell v. Harrington, 81 Okla. 1, 196 P. 137, and Rogers Milling Co. v. Goff, Gamble & Wright Co., 46 Okla. 339, 148 P. 1029. No contention is made by appellant that the petition does not state a cause of action against the defendant Nancy Gilbert, nor do we think there could be any serious question concerning that; we, therefore, hold that the trial court committed no error in overruling the demurrer.

Appellant next urges that the trial court erred in overruling his objection to the introduction of testimony at the beginning of the trial for the reason that the petition did not state sufficient facts to authorize a recovery upon any theory.

The appellant predicates his theory, that the petition does not contain facts constituting a cause of action against him, upon the theory the petition charges that at the time of the alleged promises to pay, he was acting as the agent of his mother, Nancy Gilbert, and that said promises were made in the capacity of agent for and on behalf of a disclosed principal, and for that reason such promises were not, nor could they become, a personal obligation to him. Appellant specifically cites that part of the petition as follows:

"These plaintiffs show that during all of the times mentioned hereinbefore, the said Nancy Gilbert was old and incapacitated and that the defendant Frank Gilbert transacted the business of such Nancy Gilbert and handled her property and money, and that he had and now has large sums of money collected as income and rents from the property of the said Nancy Gilbert; that having such property. funds, and money belonging to Nancy Gilbert. the defendant Frank Gilbert paid to the plaintiffs the sums hereinbefore mentioned as paid by him and agreed to pay to the plaintiffs at the same rate, viz.: The sum of $25 per month for the time for which the plaintiff should furnish board. room, clothing. attention and care to the said Nancy Gilbert; that such Frank Gilbert repeatedly agreed to pay such board and provisions during the times herein mentioned. and is therefore indebted to the plaintiffs therefor in the sum of $825"

—and urges that this language constitutes a specific charge that he was acting solely in a representative capacity.

When a petition is attacked by demurrer and objection to the introduction of evidence, the allegations of such petition are admitted for the purpose of considering such attack. Gould v. Gray, 104 Okla. 225, 230 P. 926, and in considering such petition the same must be liberally construed in favor of the plaintiff. Firemen's Fund Ins. Co. v. Box, 123 Okla. 113, 252 P. 433; Chickasha Gas & Electric Co. v. Linn, Ex'r, 80 Okla. 233, 195 P. 769; Hughes v. Martin, 81 Okla. 89, 196 P. 951.

We do not agree with plaintiff in error's contention that the language employed in the petition is necessarily a charge that the defendant Frank Gilbert was acting exclusively in the capacity of agent for Nancy Gilbert at the time he made the promises to pay to the plaintiff. The allegation that Nancy Gilbert was incapacitated and that Frank Gilbert transacted her business and handled her property and money, and had and has large sums of money collected belonging to her, and having such funds paid certain amounts to plaintiff, could more easily be construed to have been employed as a predicate and for the purpose of showing his reason for being interested in having some one take care of her and as furnishing the consideration for such agreement, or as tending to show his understanding of the agreement he so entered into. That part of the allegation is a recitation of what had previously occurred between the same parties relative to her support; after these allegations, the paragraph of the petition referred to concludes with the statement "that such Frank Gilbert repeatedly agreed to pay such board and provisions during the times herein mentioned, and is therefore indebted. * * *" We hold that the concluding part of this paragraph sufficiently charges that Frank Gilbert personally agreed to pay plaintiffs for the support of his mother.

It may be said that the petition contains much surplus and unnecessary matter, yet, when same is stripped of unnecessary verbiage, if it then states a cause of action, it is not subject to attack by general demurrer or objection to the introduction of evidence as the petition was attacked in this case. Scott v. Woods Lumber Co., 86 Okla. 185, 207 P. 449.

If we were to accept the construction of the petition insisted upon by the appellant, even then it would not necessarily follow that same would be subject to the attack made. If Frank Gilbert were to be considered as an agent for Nancy Gilbert in the matter of the transaction alleged in the petition, it does not contain a statement or allegation which would necessarily exclude him from personal liability; there are in-

stances in which an agent may bind himself personally, as is shown in McConnell v. Holderman, 24 Okla. 129, 103 P. 593, wherein this court said:

"Although an agent enters into a contract with the actual intention of binding his principal only, if his wording of the same or the circumstances of the case are such that he binds himself, he will be personally liable thereon, notwithstanding * * * he may have incidentally disclosed the name of his principal."

A somewhat similar question as presented herein was before this court in Calman v. Kreipke, 40 Okla. 516, 139 P. 698, wherein a petition containing the usual and necessary allegations of suit on account was filed, and attached to the petition as an exhibit, and made a part thereof, was a statement of account which indicated that the defendant in that case might have been acting as agent in the purchase of the goods sold. The court held therein,

"In an action on account where the petition upon its face states facts sufficient to constitute a cause of action against the defendant, but certain exhibits attached thereto suggest a doubt as to whether the defendant, in making the purchase, acted in a representative capacity, or as an individual, a general demurrer thereto should be overruled."

The court in that case called particular attention to the fact that the exhibits were construed as part of the petition, citing Whiteacre v. Nichols, 17 Okla. 387, 87 P. 865. The court, in its opinion in the Calman Case, says:

"In such circumstances, when any doubt arises as to whether the defendant acted in a representative capacity, or as an individual, parol evidence is competent as between the original parties for the purpose of showing their true intent. Cohee v. Turner & Wiggins, 37 Okla. 778, 132 P. 1082. Moreover, although an agent enters into a contract with the actual intention of binding his principal only, if his wording of the same, or the circumstances of the case are such as to bind himself, he will be personally liable thereon, notwithstanding the fact that he may have incidentally disclosed the name of his principal."

To the same general effect is Pepin v. W. R. Thompson & Sons Lumber Co., 150 Okla. 295, 1 P. (2d) 714.

Having reached the above conclusions, we therefore hold that the trial court committed no error in overruling the appellant's objection to the introduction of evidence.

Appellant further contends that the verdict of the jury and judgment thereon is not sustained by sufficient evidence, and is contrary to the evidence and the law. The issues were submitted to the jury under proper instructions, to which no objection was made, and the jury returned a verdict finding generally in favor of plaintiffs and fixing the amount of plaintiffs' recovery in accordance with the prayer of the petition.

We have carefully examined the entire record in this cause, and while we find some conflicting evidence upon the questions of fact submitted to the jury, the evidence herein is sufficient to sustain, and does fairly sustain, the verdict and judgment of the court, and we cannot say the verdict and judgment are not reasonably supported by the evidence, nor that it is contrary to law.

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal." Swindler v. Selby, 130 Okla. 294, 267 P. 471.

The judgment is therefore affirmed.

RILEY, C. J., CULLISON. V. C. J., and SWINDALL. McNEILL, OSBORN, and BUSBY, JJ., concur. ANDREWS and BAYLESS, JJ., absent.