### REYNOLDS v. REYNOLDS et al.

No. 25270.   May 14, 1935.

Readopted, Refiled and Petition for Rehearing Denied Nov. 5, 1935.

H. M. Adams, for plaintiff in error.

T. R. Blaine, for defendants in error.

PER CURIAM. This action was commenced by Nora Reynolds in the district court of Kingfisher county upon a supersedeas bond executed by Holden A. Reynolds, as principal, and J. W. White, F. J. Peckham, Noel Ray, E. M. Courtney, and Martin Stadler, as sureties thereon. The parties will be referred to as they appeared below.

The supersedeas bond had been furnished to supersede the judgment in the case of Nora Reynolds versus Holden A. Reynolds in an appeal to this court by the defendant therein. 148 Okla. 13, 296 P. 962. After this court affirmed the judgment in the case, Nora Reynolds then filed suit upon the supersedeas bond and based her cause of action upon the unlawful use and possession of her 120-acre farm by Holden A. Reynolds during the time covered by his appeal.

In the trial below a demurrer to the plaintiff's evidence was sustained as to the sureties, but overruled as to the defendant

Holden A. Reynolds. The case then proceeded as between the plaintiff, Nora Reynolds, and the defendant Holden A. Reynolds. At the conclusion the jury returned a verdict against Holden A. Reynolds for $490. From this judgment Nora Reynolds has appealed to this court, and assigns numerous errors, among which principally is that the trial court erred in sustaining the demurrer to the evidence, and that the amount awarded against the defendant Holden A. Reynolds is too small.

We quote from the supersedeas bond as follows:

"Whereas, on the 4th day of April, 1929, a judgment and decree of divorce was rendered in the above-entitled cause in favor of Nora Reynolds, the above-named plaintiff, and against Holden A. Reynolds, the above-named defendant, the principal herein; and awarding to the plaintiff the south one-half and northeast quarter of the northeast quarter of section twenty-two, in township sixteen north, range five, W. I. M., in Kingfisher county, Oklahoma, containing 120 acres, together with all the improvements thereon, except the tenant house; three milk cows, all the chickens, and one incubator to be selected by the plaintiff; and all the household and kitchen furniture except the personal belongings of the defendant; defendant to be allowed 90 days' time within which to remove said tenant house from the above-described premises; plaintiff to have the growing wheat now on the said lands awarded to her; and the defendant is to pay the costs of this suit and $150 attorney fees for Mr. Adams, plaintiff's attorney, in addition to the $100 attorney fees already paid to plaintiff's attorney by defendant. And * * *

"Now the condition of this obligation is such, that if the said Holden A. Reynolds, above-named defendant, prosecutes his said appeal with diligence; and that he will not commit or permit waste to be committed upon said premises; and if the said judgment and decree be affirmed, in whole or in part, the said Holden A. Reynolds, principal herein, pay the value of the use and occupation of the property from the date of this undertaking until delivery of the possession, pursuant to the judgment, and all costs; and if he will do and perform any and all orders or judgments that may be awarded against him, then this obligation shall be void; otherwise to be and remain in full force and effect."

The first proposition briefed by the plaintiff is that the court erred in sustaining the demurrer of the sureties to the plaintiff's evidence at the conclusion of the plaintiff's case. It is contended by counsel for the sureties that the plaintiff, who is the obligee named in the bond, had, by her own actions, waived any claim or demand which she had against the sureties, since she had declined to accept the protection of the bond and had acted inconsistently therewith, and therefore the court did not err in sustaining the demurrer.

The evidence on behalf of the plaintiff is that at the time she was given a decree of divorce she was living on the 120-acre farm, where she had lived for 35 years; that after the furnishing of the supersedeas bond on April 10, 1929, and until April 6, 1931, when the divorce case on appeal was finally decided in her favor, she did not during such period have possession of the 120 acres or any of the many improvements thereon, except immediately following the date on which the bond was furnished she continued to live in a part of the nine-room house for 10 or 11 months, and during this time she had the use of ½ acre garden; she permitted Mr. Reynolds to farm the land, gather and sell the crops, and to exercise full control and authority over the same; that during the time Nora Reynolds lived in the house Mr. Reynolds occupied another portion of the house; while there she cooked his meals, took care of the house, milked the cows, looked after the chickens, and with the egg and butter money she bought the groceries for Mr. Reynolds and herself; that while Mr. Reynolds was away in the hospital for about 3 months she looked after things on the farm; that Mr. Reynolds said nothing about her remaining or leaving, and she continued to live there until about February 1, 1930, when she was compelled to go to a hospital; that Mr. Reynolds seemed to be glad she was there on the farm; that shortly after the bond had been furnished, the plaintiff, by reason of Mr. Reynolds' threats to burn her house and to do her bodily harm, did attempt by injunction to interfere with Mr. Reynolds' possession; that immediately after this event, and for many continuing months, Mr. Reynolds acquiesced in Nora Reynolds living in the house and made no objections to her using the ½ acre garden. Also, there was proof as to the damages sustained by the plaintiff on account of the waste committed by Mr. Reynolds, and proof as to the rental value of the use and occupation of the farm for the period covered by the supersedeas bond.

The foregoing constitutes substantially plaintiff's case.

It would seem that the arrangement between Nora Reynolds and her former hus-

band relative to her living in the house and using the ½ acre garden during a portion of the period covered by the supersedeas bond did not injure or prejudice the rights of the sureties. If anything, due to the nature of the work performed by Nora Reynolds, the arrangement should have been a substantial benefit to Mr. Reynolds, and, no doubt, was such. Clearly, Nora Reynolds accepted the full protection of the bond and did not act inconsistently therewith. From the standpoint of the sureties, the fact that Nora Reynolds, under the circumstances as heretofore stated, occupied a portion of the house on the farm and had the use of ½ acre garden during a part of the time covered by the appeal, cannot in any manner be considered a substantial use of the 120 acres, but, on the other hand, is a matter of no consequence.

Our attention is called to the case of Burnham v. Edwards, 125 Okla. 272, 257 P. 788. In that case an alternative judgment was rendered giving Edwards the choice of either keeping certain premises or accepting a money judgment for $1,930. Edwards chose the money judgment, but failed to give up the premises, and the person against whom the judgment was rendered appealed and furnished a supersedeas bond. This court held, in keeping possession of the premises, Edwards did not rely on the protection of the supersedeas bond, and acted inconsistently therewith, thereby discharging the surety. In that case there was a substantial use of the premises by the obligee named in the bond. In this case there was no such use, and the case cited is not applicable. Under the admitted facts constituting plaintiff's case, the sureties were not released on the bond, and the demurrer to the evidence should have been overruled by the trial court. This will cause a reversal of the case as to the sureties.

It is next urged by plaintiff that the verdict of the jury against Holden A. Reynolds was too small and clearly against the weight of the evidence. We find the evidence of the witnesses for the plaintiff and defendant was highly conflicting, and the verdict was supported by competent evidence. Under the circumstances, the verdict will stand.

In the case of Gilbert v. Welchel et al., 162 Okla. 133, 19 P. (2d) 609, this court held:

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, this court will not review the evidence for the purpose of determining the weight thereof, in an effort to substitute its judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal."

Plaintiff complains of error of court in making improper comment on the evidence in the presence of the jury. Near the close of the trial, counsel for defendant inquired, "Did I understand the court that you would limit me to the number of witnesses?" and the court answered, "Yes, I think you have sufficient evidence." Whereupon, counsel replied; "All right. Now, the defendant rests." If such comment by the trial court was objectionable, proper exception should have been made at the time. Here there was none. Gast et al. v. Barnes, 44 Okla. 107, 143 P. 856. A trial court may limit the number of witnesses in the proof of any fact. Notwithstanding the remarks of the trial court were not excepted to by counsel for the plaintiff, we conclude they produced no harmful effect, in view of the jury fixing the rental value at a considerably greater sum than fixed by the witnesses for the defendant.

Complaint is made as to the correctness of instructions Nos. 5 and 6 as given by the court. No exceptions were taken to any of the instructions and no objection made in motion for new trial. Therefore, we will not examine same. Bailey v. Magnolia Petroleum Co. et al., 162 Okla. 113, 19 P. (2d) 373; Davis v. Bailey, 162 Okla. 86, 19 P. (2d) 147.

Lastly, plaintiff contends the trial court erred in refusing admission in evidence as against the sureties plaintiff's "Exhibit G," which was an order of this court authorizing Holden A. Reynolds to withdraw from the bank oil lease rentals on the 120 acres and directing him to pay taxes and other expenses. Plaintiff, by her attorney, approved this order. Therefore, we hold, even though Holden A. Reynolds failed to pay the taxes, the plaintiff, having consented to the payment of the money held in the bank jointly with her former husband, waived any right she may have had to hold the sureties on the supersedeas bond for any loss sustained by her, assuming that such bond can be construed to include the matter of liability in protecting the oil and gas rentals on the 120 acres. On the question as to whether or not it does come within the terms of the bond, we express

no opinion, as it is unnecessary to a decision herein. We hold the trial court was correct in refusing the introduction of "Exhibit G" in evidence against the sureties on the supersedeas bond.

The judgment is, therefore, affirmed as to the principal defendant, Holden A. Reynolds, and reversed for new trial as to the defendants J. W. White, F. J. Peckham, Noel Ray, E. M. Courtney, and Martin Stadler.

The Supreme Court acknowledges the aid of Attorneys John A. Haver, W. C. Henneberry, and Wilbur J. Holleman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Haver and approved by Mr. Henneberry and Mr. Holleman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.